**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**November 14, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KAY SIEVERDING,

      Plaintiff-Appellant,

  and

DAVID SIEVERDING;
ED SIEVERDING;
TOM SIEVERDING,

      Plaintiffs,

v.

COLORADO BAR ASSOCIATION,
and their insurance company (true
name unknown); CITY OF
STEAMBOAT SPRINGS, CO,
a municipality; AMERICAN BAR
ASSOCIATION, and their insurance
company (true name unknown);
JANE BENNETT, private citizen
acting in conspiracy with City policy
makers; KEVIN BENNETT,
individually and in capacity as City
council member; KEN BRENNER,
individually and in capacity as a City
council member; DAVID
BROUGHAM, individually and in
capacity as apparent City insurance
agent (for CIRSA); CIRSA, insurance
agent for the CITY; INSURANCE
AGENT, other than Brougham, and
decision makers for CIRSA (true
name unknown); KATHY
CONNELL, individually and as

No. 06-1038

employed as City council member; DAVIS, GRAHAM & STUBBS, LLC; JAMES ENGLEKEN, individually and in capacity as City council member; ART FIEBING, individually and as employed as City assistant chief of police; SANDY FIEBING, individually and as the City code enforcement officer; DANIEL FOOTE, individually and in capacity as assistant City attorney; JAMES GARRECHT, in capacity as district court judge (for injunctive relief only since he is immune from suit for damages); J. D. HAYS, individually and in capacity as City director of public safety; HALL & EVANS, LLC, and their insurance; JAMES "SANDY" HORNER, individually and as attorney working for Klauzer & Tremaine and his insurance company; PAUL HUGHES, individually and in capacity as City manager; KLAUZER & TREMAINE, a law firm, and insurance (true name unknown); RANDALL KLAUZER, individually and in capacity as an attorney and his insurance company; CHARLES LANCE, individually and in capacity as former district attorney and his insurance; ANTHONY LETTUNICH, individually and in capacity as City attorney and his insurance; PAUL R. MCLIMANS, individually and in capacity as a district attorney and his insurance company; WENDIE SCHULENBURG, (a.k.a. Rooney), individually and in capacity as City planning services director and her insurance; MELINDA SHERMAN,

former assistant City attorney, individually, and in capacity, and their insurance; KERRY ST. JAMES, individually and in capacity as deputy or assistant district attorney and his insurance; JAMES B.F. OLIPHANT, Bennett's attorney and purchaser of plaintiff's home; SUZANNE SCHLICHT, individually and in capacity as newspaper publisher and her insurance; STEAMBOAT PILOT & TODAY NEWSPAPER, (Worldwest Limited Liability Company), and insurance (true name unknown); ARIANTHE STETTNER, individually and in capacity as City council member; PAUL STRONG, individually and in capacity as City council member and his insurance company; RICHARD TREMAINE, individually and in capacity as an attorney and his insurance company; JAMES WEBER, individually and in capacity as City public works director and his insurance company; P. ELIZABETH WITTEMYER, individually and in capacity as deputy district attorney, and her insurance,

Defendants-Appellees.

**APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO (D.C. No. 02-CV-1950-EWN-OES)**

-3-

Submitted on the briefs:[*]

Kay Sieverding, Pro Se.

Patricia J. Larson, Senior Associate General Counsel, American Bar Association, Chicago, Illinois, for Defendant-Appellee American Bar Association.

Thomas B. Kelley, Christopher P. Beall, Faegre & Benson, LLP, Denver, Colorado, John M. Palmeri, Brett Norman Huff, White and Steele, P.C., Denver, Colorado, Michael T. McConnell, Traci L. Van Pelt, Robert W. Steinmetz, McConnell, Siderius, Fleischner, Houghtaling & Craigmile, LLC, Denver, Colorado, David R. Brougham, Hall & Evans, Denver, Colorado, for Defendants-Appellees.

Before **BARRETT**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

**BALDOCK**, Circuit Judge.

Kay Sieverding, proceeding pro se, appeals from the district court's order imposing filing restrictions. We affirm the district court's imposition of filing restrictions, but we conclude that a portion of the order must be modified.

Background

Ms. Sieverding, her husband, and two sons filed a complaint in the District of Colorado in October 2002. The complaint was 106 pages long and set forth

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

claims against thirty-six individuals or entities. The underlying issue in the case related to the alleged violation of the Sieverdings' rights with regard to zoning decisions that affected them and their former neighbors. During the pendency of the case, the Sieverdings filed more than 100 motions. In October 2003, the magistrate judge assigned to the case issued a sixty-one page recommendation that the case be dismissed with prejudice; that the Sieverdings be required to pay defendants' costs and fees; and that they be enjoined from commencing further litigation in the District of Colorado regarding these events without first obtaining counsel. The district court accepted and adopted the recommendations in an order entered on March 19, 2004, but expanded on the magistrate judge's recommended filing restrictions by enjoining the Sieverdings from filing lawsuits related to this subject matter in the District of Colorado or any other court.

The Sieverdings filed three appeals from the March 2004 order in this court and they were consolidated. The district court's order adopting the magistrate judge's recommendation was summarily affirmed on appeal. We observed that "appellants did not assert error with the imposition of filing restrictions and, therefore, this court will enforce those restrictions." *Sieverding v. Colo. Bar Ass'n*, 126 F. App'x 457, 459 (10th Cir. 2005).

In late 2004 and 2005, the Sieverdings continued filing actions relating to the subject matter of their previous lawsuit. They filed five new civil actions in the federal district courts in Minnesota, Northern Illinois, and the District of

Columbia; one new civil action in the state court in Denver County, Colorado; and one appeal in the Eighth Circuit Court of Appeals. In the summer of 2005, the defendants filed a motion requesting a show cause order as to why the Sieverdings should not be sanctioned for violating the filing restrictions portion of the March 2004 order. On September 2, the district court held a hearing and found the Sieverdings to be in contempt of court for violating the March 2004 order. The district court gave both of the Sieverdings the option of dismissing the lawsuits that remained pending in the District of Columbia and Colorado state court or going to jail. Ms. Sieverding refused to dismiss the lawsuits and was sent to jail. Mr. Sieverding withdrew his name from the pending cases.

On January 4, 2006, Judge Nottingham held a show cause hearing, and ordered Ms. Sieverding to dismiss the remaining lawsuits that had been filed in violation of the March 2004 order. Ms. Sieverding was released from custody with the condition that she dismiss all of her remaining lawsuits by January 11. At that hearing, Judge Nottingham also entered another order, which prohibited Ms. Sieverding from filing any further lawsuits anywhere in this country unless she is represented by a lawyer or unless the district court specifically approves her filing of a given lawsuit. This order broadened the March 2004 order because it was not limited by subject matter. The district court entered a written order on January 31 that memorialized the verbal order from January 4 and gave support for his filing restrictions decision. Ms. Sieverding filed a petition for mandamus

from the January 4 order and this court construed it as a notice of appeal from the verbal January 4 order as memorialized in the January 31 order.

Discussion

"[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted) (per curiam). Federal courts have the inherent power "to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Id.* at 352 (quoting *Cotner v. Hopkins*, 795 F.2d 900, 902-03 (10th Cir. 1986)). We agree with the district court that filing restrictions were appropriate in this case. We conclude, however, that the restrictions were not carefully tailored as required by our case law and that a portion of the filing restrictions order must be modified.

The substance of the filing restriction states:

> Kay Sieverding and David Sieverding are hereafter prohibited from commencing any *pro se* litigation in any court in the United States on any subject matter unless they meet the requirements of Paragraph 2 below.

R., Vol. I, Doc. 788 at 7 ¶ 1. Paragraph 2 explains that the Sieverdings must seek approval from the District of Colorado before commencing any pro se litigation in any court in the United States on any subject matter. *Id.* at ¶ 2. The order does not apply if the Sieverdings are represented by a licensed attorney. *Id.* at ¶ 3.

-7-

This filing restrictions order is unlike other filing restrictions orders that have been reviewed by this court because it extends to any court in this country as opposed to being limited to the jurisdiction of the court issuing the order. The order thereby includes every state court, every federal district court and every federal court of appeal. Appellees cite to only one case that involved similarly broad filing restrictions, *Martin-Trigona v. Lavien*, 737 F.2d 1254 (2d Cir. 1984), to support their argument that the breadth of the district court's order was appropriate.

In *Martin-Trigona,* the Second Circuit was reviewing an order imposing restrictions that enjoined the filing of any action in any state or federal court in the United States arising out of plaintiff's bankruptcy proceedings, unless certain conditions were met. The order did, however, include an exception for certain types of filings, including filings in the federal appellate courts. *See id.* at 1259 ("Nothing in this order shall be construed as denying [plaintiff] access to the United States Courts of Appeals."). The Second Circuit upheld the portion of the filing restrictions order that prohibited the plaintiff from filing an action in any federal district court in the country without prior permission. *See id.* at 1262. The court determined, however, that the district court erred by extending the filing restrictions to include state courts, although the court left intact the requirement that Mr. Martin-Trigona notify the state courts regarding his prior litigation history. *See id.* at 1262-63.

We disagree with the Second Circuit's decision to uphold the broad filing restriction limiting access to any federal district court in the country and we will not uphold such a broad filing restriction in this case. We think it is appropriate for the District of Colorado to impose filing restrictions that include other federal district courts within the Tenth Circuit, but that it is not appropriate to extend those restrictions to include federal district courts outside of this Circuit. It is not reasonable for a court in this Circuit to speak on behalf of courts in other circuits in the country; those courts are capable of taking appropriate action on their own.

We agree with the Second Circuit's determination that it is not appropriate for a federal district court to restrict access to the state courts. The district court erred in this case by imposing filing restrictions limiting access to any court in the country. Finally, we note that the district court's broad order, unlike the order at issue in *Martin-Trigona*, fails to include an exception for filings in the federal appellate courts. This was error. It is unreasonable for the District of Colorado to attempt to limit access to this court or any other court of appeal. We are capable of deciding if filing restrictions are appropriate in this court.

In light of our ruling in this case, we note that the district court's March 2004 order is also defective. Although that order is not properly before us and the district court did not have the benefit of this decision when it entered that order, we exercise our supervisory power to instruct the district court that it may not enforce the provisions of the March 2004 order that are inconsistent with this

-9-

decision. *See, e.g., United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1029-30 (11th Cir. 2005), *cert. denied*, No. 05-1524, 2006 WL 1522633 (U.S. Oct. 10, 2006); *see generally Cupp v. Naughten*, 414 U.S. 141, 146 (1973) (describing supervisory power of appellate courts to review proceedings of trial courts).

Finally, we conclude that the district court's decision to restrict Ms. Sieverding's filings on any subject matter and as to any defendant is overbroad. The district court's March 2004 filing restrictions order was properly limited by subject matter and defendant because it prohibited filings based on the series of transactions described in that initial federal action, case number 02-cv-1950. Given Ms. Sieverding's continued filings after that restriction was entered, the district court was justified in expanding the scope of the filing restrictions, but there is no apparent basis for extending the restriction to include any subject matter and any party. Ms. Sieverding has not filed litigation against random persons or entities. Instead, she has focused her efforts on filing actions against the persons, entities, counsel, and insurance companies of the parties involved in 02-cv-1950. We believe the district court's intention, to restrict further abusive filings by Ms. Sieverding, is best accomplished by modifying its order to create a carefully-tailored restriction limiting her ability to file actions against those persons and entities, but without limitation to subject matter. *See, e.g., Martin-Trigona v. Lavien*, 737 F.2d at 1263 (instructing district court on

remand to craft injunction restricting abusive litigant from filing any actions against parties, counsel, and court personnel involved in prior litigation).

For the foregoing reasons, we affirm the district court's order as modified by this opinion. The portion of the order that states "Kay Sieverding and David Sieverding are hereafter prohibited from commencing any *pro se* litigation in any court in the United States on any subject matter," R., Vol. I, Doc. 788 at 7 ¶ 1, is modified to prohibit the Sieverdings from commencing any pro se litigation in any federal district court within the Tenth Circuit against the persons, entities, counsel, and insurance companies of the parties involved in 02-cv-1950. The district court's order is MODIFIED IN PART, and, as modified, is AFFIRMED. All outstanding motions are DENIED.