**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 17, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

KAY SIEVERDING,

    Plaintiff-Appellant,

  and

DAVID SIEVERDING; ED
SIEVERDING; TOM SIEVERDING,

    Plaintiffs,

  v.

COLORADO BAR ASSOCIATION,
and their insurance company (true
name unknown); CITY OF
STEAMBOAT SPRINGS, CO, a
municipality (hereinafter the CITY);
AMERICAN BAR ASSOCIATION,
and their insurance company (true
name unknown); JANE BENNETT,
private citizen acting in conspiracy
with CITY policy makers; KEN
BRENNER, individually and in his
capacity as a CITY Council
Member; JAMES ENGLEKEN,
individually and in his capacity as
CITY Council Member; ART
FIEBING, individually and as
employed as CITY assistant chief of
police; SANDY FIEBING,
individually and as the CITY code
enforcement officer; DANIEL
FOOTE, Attorney, individually and in
his capacity as Assistant CITY
attorney; J. D. HAYS, individually and
in capacity as CITY director of public

No. 06-1465
(D.C. No. 02-cv-1950-EWN-OES)
(D. Colo.)

safety; JAMES "SANDY" HORNER, individually and as an attorney working for KLAUZER & TREMAINE and his insurance company; CHARLES LANCE, Attorney, individually and in capacity as former district attorney and his insurance; ANTHONY LETTUNICH, individually and in capacity as CITY attorney and his insurance; PAUL R. MCLIMANS, individually and in capacity as a district attorney and his insurance company; WENDIE SCHULENBURG, also known as Wendie Rooney, individually and in capacity as CITY planning services director; and her insurance; MELINDA SHERMAN, individually and former Assistant CITY attorney, and in capacity, and their insurance; KERRY ST. JAMES, individually and in capacity as deputy or assistant district attorney; and his insurance; ARIANTHE STETTNER, individually and in capacity as CITY council member; PAUL STRONG, individually and in capacity as CITY Council Member; and his insurance company; RICHARD TREMAINE, individually and in capacity as an attorney; and his insurance company; JAMES WEBER, individually and in capacity as CITY public works director; and his insurance company; P. ELIZABETH WITTEMYER, individually and in capacity as Deputy District attorney; and her insurance; JAMES B.F. OLIPHANT, Bennett's attorney and purchaser of plaintiff's home; KEVIN BENNETT, individually and in capacity as CITY

-2-

Council member; DAVID BROUGHAM, individually and in capacity as apparent CITY insurance agent (for CIRSA); CIRSA, insurance for the CITY; INSURANCE AGENT, other than Brougham and decision makers for CIRSA (true name unknown); KATHY CONNELL, individually and as employed as CITY Council Member; DAVIS, GRAHAM & STUBBS, LLC; JAMES GARRECHT, in capacity as district court judge; (for injunctive relief only since he is immune from suit for damages); HALL & EVANS, LLC, and their insurance; PAUL HUGHES, individually and in capacity as CITY manager; KLAUZER & TREMAINE, a law firm, and insurance (true name unknown); RANDALL KLAUZER, individually and in capacity as an attorney and his insurance company; SUZANNE SCHLICHT, individually and in capacity as newspaper publisher and her insurance; STEAMBOAT PILOT & TODAY NEWSPAPER, (WORLDWEST LIMITED LIABILITY COMPANY) and insurance (true name unknown),

       Defendants-Appellees.

_____

KAY SIEVERDING,

       Plaintiff,

   and

DAVID SIEVERDING; ED

SIEVERDING; TOM SIEVERDING,

Plaintiffs-Appellants.

v.

COLORADO BAR ASSOCIATION, and their insurance company (true name unknown); CITY OF STEAMBOAT SPRINGS, CO, a municipality (hereinafter the CITY); AMERICAN BAR ASSOCIATION, and their insurance company (true name unknown); JANE BENNETT, private citizen acting in conspiracy with CITY policy makers; KEN BRENNER, individually and in his capacity as a CITY Council Member; JAMES ENGLEKEN, individually and in his capacity as CITY Council Member; ART FIEBING, individually and as employed as CITY assistant chief of police; SANDY FIEBING, individually and as the CITY code enforcement officer; DANIEL FOOTE, Attorney, individually and in his capacity as Assistant CITY attorney; J. D. HAYS, individually and in capacity as CITY director of public safety; JAMES "SANDY" HORNER, individually and as an attorney working for KLAUZER & TREMAINE and his insurance company; CHARLES LANCE, Attorney, individually and in capacity as former district attorney and his insurance; ANTHONY LETTUNICH, individually and in capacity as CITY attorney and his insurance; PAUL R.

No. 06-1466
(D.C. No. 02-cv-1950-EWN-OES)
(D. Colo.)

-4-

MCLIMANS, individually and in capacity as a district attorney and his insurance company; WENDIE SCHULENBURG, also known as Wendie Rooney, individually and in capacity as CITY planning services director; and her insurance; MELINDA SHERMAN, individually and former Assistant CITY attorney, and in capacity, and their insurance; KERRY ST. JAMES, individually and in capacity as deputy or assistant district attorney; and his insurance; ARIANTHE STETTNER, individually and in capacity as CITY council member; PAUL STRONG, individually and in capacity as CITY Council Member; and his insurance company; RICHARD TREMAINE, individually and in capacity as an attorney; and his insurance company; JAMES WEBER, individually and in capacity as CITY public works director; and his insurance company; P. ELIZABETH WITTEMYER, individually and in capacity as Deputy District attorney; and her insurance; JAMES B.F. OLIPHANT, Bennett's attorney and purchaser of plaintiff's home; KEVIN BENNETT, individually and in capacity as CITY Council member; DAVID BROUGHAM, individually and in capacity as apparent CITY insurance agent (for CIRSA); CIRSA, insurance for the CITY; INSURANCE AGENT, other than Brougham and decision makers for CIRSA (true name unknown); KATHY CONNELL, individually and as employed as CITY Council Member; DAVIS, GRAHAM

& STUBBS, LLC; JAMES
GARRECHT, in capacity as district
court judge; (for injunctive relief only
since he is immune from suit for
damages); HALL & EVANS, LLC,
and their insurance; PAUL
HUGHES, individually and in capacity
as CITY manager; KLAUZER &
TREMAINE, a law firm, and
insurance (true name unknown);
RANDALL KLAUZER, individually
and in capacity as an attorney and his
insurance company; SUZANNE
SCHLICHT, individually and in
capacity as newspaper publisher and
her insurance; STEAMBOAT PILOT
& TODAY NEWSPAPER,
(WORLDWEST LIMITED
LIABILITY COMPANY) and
insurance (true name unknown)

      Defendants-Appellees.
_____

KAY SIEVERDING,

      Petitioner-Appellant,

  v.

EDWARD W. NOTTINGHAM,
District Judge,

      Respondent.

No. 06-1524
(D.C. No. 06-cv-2245-ZLW)
(D. Colo.)

-6-

## ORDER AND JUDGMENT[*]

Before **BRISCOE**, **McKAY**, and **GORSUCH**, Circuit Judges.

Kay, David, Ed and Tom Sieverding are all parties in at least one of the three appeals that we have consolidated for procedural purposes. These appeals arise out of contempt proceedings that were instituted as a result of Ms. Sieverding's alleged violations of two filing restrictions orders that were entered by the district court in March 2004 and January 2006. On September 25, 2006, after a hearing on the defendants' motion for an order to show cause against Ms. Sieverding for new contempt of court, the district court issued a warrant for Ms. Sieverding's arrest. After this hearing and the issuance of the arrest warrant, Ms. Sieverding and her husband and sons filed the appeals in case Nos. 06-1465 and 06-1466. Ms. Sieverding also filed a petition for habeas corpus relief in the district court, which was dismissed. That dismissal is the subject of the appeal in case No. 06-1524.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In these two appeals, Ms. Sieverding filed a notice of appeal and then the next day Mr. Sieverding and the Sieverdings' children, Ed and Tom, filed a notice of appeal. The Sieverdings have filed a motion seeking to consolidate the appeals for the purpose of paying a single filing fee. All four of the Sieverdings were parties in the underlying district court action. The second notice of appeal indicates that Mr. Sieverding, Ed and Tom are filing a joint appeal and joint briefings with Ms. Sieverding. After two separate appeals were docketed, Ms. Sieverding filed a notice of errata in the district court indicating that the appeals should be combined. The Sieverdings argue that the appeals should be consolidated pursuant to Fed. R. App. P. 3(c)(2), which states: "A pro se notice of appeal is considered filed on behalf of the signer and the signer's spouse and minor children (if they are parties), unless the notice clearly indicates otherwise." Given these circumstances, we grant the motion to consolidate the appeals solely for the purpose of paying a single filing fee.

The Sieverdings assert that they are appealing an oral order by the district court to "terminate all litigation against 'these' defendants." Aplt. Br. at 1. It is not clear to this court what exactly the Sieverdings are appealing, but the Sieverdings did attach to their brief a copy of a transcript from a September 22, 2006 hearing. The hearing was in response to the defendants' motion for an order

to show cause for new contempt based on two alleged violations by Ms. Sieverding of the district court's written filing restrictions orders.

Defendants argued that Ms. Sieverding had violated the orders by filing motions to reconsider in her federal cases pending in the D.C. Circuit and by filing an appeal to this court from the dismissal of her District of Kansas case. *See* R., Doc. 862 at 2-3. During the hearing, the district court implicitly found Ms. Sieverding in contempt and instructed her court-appointed attorney that, in order to purge her contempt, Ms. Sieverding had to dismiss all outstanding litigation that she had filed against these defendants. We therefore construe the Sieverdings' appeal as an appeal from the district court's oral finding of contempt on September 22, 2006.

On November 14, 2006, we issued an opinion in which we determined that the district court could not restrict Ms. Sieverding's filings in federal district courts outside of this circuit, could not restrict her filings in state courts, and could not restrict Ms. Sieverding's appellate filings in this court or any other court of appeal. *See Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1344 (10th Cir. 2006). As a result, we modified the January 2006 filing restrictions order and affirmed that order as modified. We also instructed the district court under our supervisory powers that it could not enforce the filing restrictions in its March 2004 order to the extent that they were contrary to our opinion. *Id.* at 1344-45.

In light of this court's decision modifying the filing restrictions, Ms. Sieverding's court-appointed attorney filed a motion to reconsider the civil contempt proceedings, requesting that the district court reconsider the contempt matter, vacate the show cause order, and cancel the arrest warrant issued in September. In May 2007, Ms. Sieverding was arrested and taken into custody. On June 1, a hearing was held in the district court. At the close of the hearing, the district court granted the motion to reconsider, vacated the order directing the marshals to take Ms. Sieverding into custody and ordered the marshals to release Ms. Sieverding.

On June 13, we ordered the parties to file supplemental briefs on the issue of whether the proceedings in the district court on June 1 mooted the Sieverdings' appeals. "Generally, a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Oyler v. Allenbrand*, 23 F.3d 292, 294 (10th Cir. 1994) (quotation omitted). If this case is moot, then we lack jurisdiction to consider it. *See id.*

Ms. Sieverding argues that there continues to be a live controversy for this court to resolve on appeal, but she does not present a legally reasoned argument to support this position. She fails to address the fact that there are currently no outstanding contempt proceedings against her, that her arrest warrant has been vacated, and that she has been released from custody. We note that the district court did indicate that the defendants could continue to seek contempt sanctions

-10-

against Ms. Sieverding if she continues to violate the modified filing restrictions orders, but that does not make this appeal a live controversy. If defendants seek further contempt sanctions against Ms. Sieverding and the district court imposes further contempt sanctions against Ms. Sieverding then she can appeal from any such sanctions at that time.

Because the district court has granted the motion to reconsider its September 2006 contempt order, has vacated the September 2006 arrest warrant, and has ordered Ms. Sieverding released, there is no longer an active controversy for this court to consider. Accordingly, Ms. Sieverding's appeal in No. 06-1465 is dismissed as moot. Because none of the other Sieverdings were the subject of the September 2006 contempt order, they lack standing to challenge that order and their appeal in No. 06-1466 is dismissed for lack of standing. *See generally Buchwald v. Univ. of New Mexico Sch. of Medicine*, 159 F.3d 487, 493 (10th Cir. 1998) (outlining factors for establishing standing).

## No. 06-1524

On November 8, 2006, Ms. Sieverding filed an "Independent Action for Habeas Corpus" in the district court seeking to challenge the arrest warrant issued by the district court on September 25, 2006. The district court construed Ms. Sieverding's application as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and dismissed the petition, concluding that Ms. Sieverding was not in custody for purposes of the habeas statute.

-11-

When Ms. Sieverding filed her habeas petition, she was subject to the pending arrest warrant, but it had not yet been executed. During the pendency of her appeal, she was taken into custody pursuant to the warrant, but the warrant was subsequently vacated and she was released. Because we conclude, as discussed below, that this appeal is now moot, we do not need to decide whether Ms. Sieverding was in custody at the time she filed her habeas petition.

In the June 13 order discussed earlier, we invited Ms. Sieverding to brief the question of whether this appeal was mooted by the district court's proceedings. As discussed previously, there must be a live controversy in order for this court to have jurisdiction over this appeal. In her supplemental brief, Ms. Sieverding does not present any reasoned argument regarding the issue of mootness, rather she continues to challenge the validity of the September 2006 warrant. Because the arrest warrant that is the subject of the habeas action has been vacated, Ms. Sieverding has been released, and she has not argued that there are any collateral consequences that would prevent this court from applying the mootness doctrine, *see Oyler,* 23 F.3d at 294, there is no longer a live controversy for this court to resolve. Accordingly, this appeal is dismissed as moot.

## Conclusion

In cases No. 06-1465 and No. 06-1466, we GRANT the motion to consolidate for the sole purpose of paying a single filing fee. We DISMISS the appeal in No. 06-1465 as moot. We DISMISS the appeal in No. 06-1466 for lack

-12-

of standing.  In No. 06-1524, we DISMISS the appeal as moot.  We DENY all other outstanding motions.

Entered for the Court

Monroe G. McKay
Circuit Judge