FILED
United States Court of Appeals
Tenth Circuit

November 4, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

SERMOUNE BLAYLOCK,

        Plaintiff-Appellee,

v.

FABIAN TINNER,

        Defendant-Appellant.

No. 13-3151

(D. of Kan.)

(D.C. No. 13-CV-02045-EFM/DJW)

---

ORDER AND JUDGMENT[*]

---

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.[**]

---

Fabian Tinner sought to remove his Kansas divorce case to federal court. The district court remanded the case to state court for lack of subject matter jurisdiction, and, because Tinner has repeatedly filed federal lawsuits that the district court believed to be abusive, it also imposed filing restrictions. Tinner

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

appeals both decisions as well as the district court judge's denial of a motion to disqualify him.

Concluding that we lack jurisdiction to review the order to remand and exercising jurisdiction to review the remaining issues under 28 U.S.C. § 1291, we AFFIRM the decision of the district court.

## Background

Tinner is involved in divorce and custody litigation in Kansas state court. On multiple occasions, he has attempted to involve the federal court in that suit and has thrice appealed the district court's dismissals. In January 2013, Tinner sought to remove his state court divorce case to federal court. Finding that removal was untimely and that the case could not have been originally filed in federal court, the district court remanded the case to state court.

Additionally, the district court wrote in its disposition that it intended to impose filing restrictions unless Tinner effectively objected. Tinner did file objections, but the district court found them unpersuasive and entered an order imposing filing restrictions on May 2, 2013.

Tinner also moved to disqualify the district court judge. The district court concluded that Tinner failed to cast doubt on the judge's impartiality and denied the motion.

Tinner appeals the decision to remand the case to state court, the imposition of filing restrictions, and the judge's refusal to disqualify himself.

## Analysis

### A.  Jurisdiction

Tinner asks this court to review the district court's decision to remand his divorce case to state court.  A remand order, however, is not appealable, and we do not have jurisdiction to review it here.  28 U.S.C. § 1447; *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 232 (2007).

### B.  Timeliness of Appeal

To determine whether we have jurisdiction to review the district court's decision to impose filing restrictions and its denial of the motion to disqualify the judge, we must first determine whether Tinner timely filed this appeal.  *Bowles v. Russell*, 551 U.S. 205, 206 (2007).  In most circumstances, a civil litigant must file notice of appeal within thirty days of entry of the judgment or order appealed.  Fed. R. App. P. 4.  The district court entered two orders in this case— one on April 11, 2013 and the other on May 2, 2013.  Tinner filed notice of this appeal on June 10, 2013, more than thirty days after entry of the orders.

We recognize several circumstances that might warrant extending the requisite filing period.  Most relevant here, we have held that, when the district court fails to enter judgment in a separate document in accordance with Federal Rule of Civil Procedure 58, the judgment is not deemed "entered" until 150 days after the date on the order, and, as a result, the appellant has 180 days to file notice of appeal.  Fed. R. App. P. 4(a)(7); *In re Taumoepeau*, 523 F.3d 1213,

1216 (10th Cir. 2008).  A judgment is considered entered in a separate document when that document sets forth the disposition but does not include a discussion of the factual background or the court's legal analysis and reasoning.  *Clough v. Rush*, 959 F.2d 182, 185 (10th Cir. 1992).

In this case, the district court's April order thoroughly describes the court's reasoning.  The district court did not enter an accompanying judgment in a separate document.  As a result, it did not enter judgment in a separate document on the issue of judicial dismissal, and Tinner had a 180-day window to file notice of appeal on that issue.

The district court, did, however enter a two-page order in May on the issue of filing restrictions.  That brief order might not qualify as a separate judgment either because it contains some factual background and legal reasoning.  *See, e.g. Constien v. United States*, 628 F.3d 1207, 1211 (10th Cir. 2010) (holding that a "four-page order that included facts and legal reasoning" was not a separate document)*; Taumoepeau*, 523 F.3d at 1217 (holding that a six-page order and judgment "reflecting a detailed recitation of the facts [and] legal reasoning" was not a separate document); *Clough*, 959 F.2d at 185 (holding that a fifteen-page order containing "detailed legal analysis and reasoning" was not a separate document).

But even if it were not a separate judgment and the 180-day rule applies, we agree with the district court on the merits and affirm.

### C. *Filing Restrictions*

The district court's imposition of filing fees is reviewed for abuse of discretion. *Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989). Injunctions that assist the district court in curbing a litigant's abusive behavior "are proper where the litigant's abusive and lengthy history is properly set forth." *Id.* at 353; *In re Winslow*, 17 F.3d 314, 315 (10th Cir. 1994). But the injunction must be carefully tailored and may not be so burdensome as to deny the litigant meaningful access to the courts. *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006); *Tripati*, 878 F.2d at 352.

The district court did not abuse its discretion in concluding that Tinner's history of litigation establishes a sufficiently abusive pattern to merit filing restrictions. Tinner has filed multiple lawsuits in federal court, all but one related to the same state divorce and custody proceedings. The federal court has repeatedly informed him that it lacks jurisdiction over "the whole subject of the domestic relations of husband and wife, parent and child," *Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005) (internal quotation marks omitted), and also that the *Rooker-Feldman* doctrine generally prohibits litigants who have lost in state court from attempting to circumvent the system by seeking relief from the state decision in federal court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). As the district court has catalogued, however, Tinner has continued to petition the federal courts to intervene in his divorce proceedings,

painting new veneers on essentially the same claim the district court and this court have dismissed over and over again. This behavior constitutes the abusive pattern of litigation that the district court is empowered to address.

We also conclude the restrictions the district court crafted were sufficiently tailored. The restrictions apply only in the United States District Court for the District of Kansas, *Sieverding v. Colorado Bar Association*, 469 F.3d at 1344, and they are not excessively burdensome because they allow Tinner to file suit if he is represented by a licensed attorney or receives the court's permission. The district court even lays out the steps that Tinner must take in order to obtain permission to proceed. *Tripati*, 878 F.2d at 354. Thus, the filing restrictions imposed here are the type of carefully tailored restrictions that the district court may rely on to protect the justice system from abuse by vexatious litigants, and we will not disturb them.

### D. Disqualification

Finally, Tinner contends the district court had an obligation to disqualify itself from this case. We review a court's decision not to disqualify itself for abuse of discretion. *United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006). Here, we conclude that Tinner has failed to identify a single reason for which the court lacked impartiality. 28 U.S.C. § 455. Rather than identifying reasons for which the court might have been biased or prejudiced, Tinner's argument is based solely on its unfavorable judicial rulings, which "do not in

-6-

themselves call into question the impartiality of a judge." *Mendoza*, 468 F.3d at 1262.

In short, the district court properly dismissed the motion.

## Conclusion

Finding that the district court's decision to remand this case to state court is not appealable and holding that the district court did not abuse its discretion in imposing filing restrictions or denying the motion to disqualify the judge, we AFFIRM.

ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge