**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 24, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WILLIAM LEE LORNES,

    Plaintiff - Appellant,

v.

NO NAMED DEFENDANT,

    Defendant - Appellee.

No. 17-1315
(D.C. No. 1:17-CV-01916-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.[**]
_____

Plaintiff William Lee Lornes III is in custody of the Colorado Department of

Corrections at the Colorado State Penitentiary in Cañon City, Colorado. Plaintiff now

appeals the district court's dismissal of his pro se Motion Requesting Legal

Assistance to Contact Attorney Regarding Appeal. Plaintiff also appeals the district

court's dismissal of Plaintiff's Motion and Affidavit for Leave to Proceed on Appeal

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]After examining the appellant's brief and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument.

Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24. For the reasons discussed below, we affirm.

Plaintiff does not dispute that since 2012, he filed over thirty habeas corpus and civil rights actions in the United States District Court for the District of Colorado. In August 2014, in a thorough written order, the district court imposed filing restrictions on Plaintiff because he repeatedly initiated pro se lawsuits that were dismissed for failure to prosecute, failure to file an amended complaint as directed, and failure to file a complaint that complied with the pleading requirements of Fed. R. Civ. P. 8. *Lornes v. Hernandez*, No. 14-CV-1294-LTB, Order at 9-10 (D. Colo. Aug. 12, 2014) (order imposing filing restrictions). According to the restrictions, before filing a pro se action in the district court, Plaintiff must file a motion requesting leave to file a pro se action with the clerk. Those restrictions required Plaintiff to include the following in the motion:

1. A list of all lawsuits currently pending or filed previously in the District of Colorado, including the name, number, and citation of each case, and the current status or disposition of each case; and

2. A statement of the legal issues to be raised in the proposed new pleading and whether he has raised the same issues in other proceedings in the District of Colorado, citing the case number and docket number where the legal issues previously have been raised.

Upon filing the motion requesting leave to file a pro se action, the filing restrictions further required Plaintiff to submit the proposed new pleading to be filed in the pro se action. *Id.*

Bound by these requirements, which he has never contested, Plaintiff filed a pro se Motion Requesting Legal Assistance to Contact Attorney Regarding Appeal in August 2017. In a written order, the district court denied Plaintiff's motion because Plaintiff failed to comply with the filing restrictions. The district court also denied Plaintiff leave to proceed *in forma pauperis* on appeal.

This Court carefully reviewed Plaintiff's Opening Brief and the appellate record in view of the applicable law and the appropriate standard of review. The district court's dismissal without prejudice of Plaintiff's claims for failure to comply with the district court's filing restrictions is correct because Plaintiff simply did not comply with the filing restrictions. The district court is able to control its own docket and to impose filing restrictions as appropriate. "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (citing *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006)). Plaintiff may not make an end-run around the filing restrictions by appealing the district court order and then arguing the merits of his appeal. Further, Plaintiff had ample opportunity to contest the filing restrictions before the district court imposed them, but he never did.

We affirm substantially for the reasons set forth in the district court's written order at issue in this appeal. Plaintiff's Motion for Leave to Proceed *in forma pauperis* is denied.

AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge