## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

HITOSHI OMBE,

     Plaintiff - Appellant,

v.

STATE OF NEW MEXICO; NEW
MEXICO PUBLIC EDUCATION
DEPARTMENT; NEW MEXICO
DIVISION OF VOCATIONAL
REHABILITATION SERVICES;
SUSANA MARTINEZ, HANNA
SKANDERA, ROSA LIMA, RICHARD
SMITH, JOHN FULLINWIDER, TERRI
DOUGLASS, ADRIAN APODACA,
SUSAN LOPEZ, REYES R. GONZALES,
AVA GUTIERREZ, LEE MARTINEZ,
GARY LUCAS, CAROL DAY, TANYA
SHATZ, MARTHA JARAMILLO,
PATRICIA GUILINO, EARNEST O.
PACHECO, RALPH VIGIL, and ADAM
CARRASCO, in their official, personal,
and conjugal partnership capacities;;
DISABILITY RIGHTS NEW MEXICO;
THE BOARD OF DIRECTORS OF
DISABILITY RIGHTS NEW MEXICO,
INC.; JAMES JACKSON, BERNADINE
CHAVEZ, JASON C. GORDON, NANCY
KOENIGSBERG, and TIM GARDNER, in
their personal, official, and conjugal
partnership capacities as members of the
Board of Directors of Disability Rights
New Mexico, Inc.,

     Defendants - Appellees.

No. 18-2031
(D.C. Nos. 1:14-CV-00763-RB-KBM,
1:14-CV-00856-RB-KBM and
1:14-CV-00857-RB-KBM)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **McKAY** and **MATHESON**, Circuit Judges.
_____

Hitoshi Ombe, appearing pro se, appeals from the final judgment entered against him in three consolidated civil rights suits. In those cases, he asserted claims for disability discrimination, age discrimination and other civil rights violations against the state of New Mexico, its Division of Vocational Rehabilitation (DVR), its Public Education Department (PED) and numerous state employees (collectively "State Defendants"), as well as the non-profit Disability Rights of New Mexico, Inc., its board of directors, and several of its employees (collectively "DRNM Defendants").

Mr. Ombe also appeals the district court's order imposing filing restrictions on him and seeks leave to proceed in forma pauperis on appeal. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's judgment and order and deny Mr. Ombe leave to proceed in forma pauperis.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Mr. Ombe is a mathematician and former university professor of Japanese origin who was diagnosed with Asperger's Syndrome, a form of autism, later in life. He also reports that he suffers from severe depression because of difficulties he has experienced as a result of his autism disorder.

One of these difficulties was Mr. Ombe's years of underemployment as a cashier at a gas station sometime after his university position ended. In an effort to obtain a job better suited to his skills and interests, Mr. Ombe applied for services offered by DVR, which is a division within the PED that seeks to increase the independence of individuals with disabilities through employment. Mr. Ombe became dissatisfied with DVR's services, and asked DRNM to help him in dealing with the state agency. Mr. Ombe also became dissatisfied with DRNM's efforts on his behalf. As a result, Mr. Ombe filed two actions against the State Defendants and an additional action against the DRNM Defendants. The essence of Mr. Ombe's claims in each case was that these entities and their employees failed to provide him with adequate assistance and did not properly accommodate his disabilities in communicating with him, thereby violating his civil and constitutional rights and impermissibly discriminating against him on account of his disabilities, race, national origin, and age.

The district court consolidated the three cases and granted the DRNM Defendants' motion to dismiss the claims against them for failure to state a claim. It also granted in part and denied in part the State Defendants' motions to dismiss

3

Mr. Ombe's claims for failure to state a claim and for lack of jurisdiction. The district court subsequently denied Mr. Ombe's motions to reconsider its decisions granting these motions to dismiss, denied his motions to amend his complaint, granted summary judgment to the State Defendants on the remaining claims, and entered final judgment dismissing his cases with prejudice. It also denied Mr. Ombe's motion to proceed in forma pauperis on appeal.

In addition, after providing Mr. Ombe with notice and an opportunity to object, the district court issued a post-judgment order imposing restrictions on his district court filings in this matter. This order was issued at the request of the State Defendants in response to Mr. Ombe's excessive filings in this case, many of which disparaged the Court and opposing counsel in derogatory and abusive terms.

## DISCUSSION

### A. Appellate Jurisdiction

The State and DRNM Defendants assert that our jurisdiction in this appeal is limited by Mr. Ombe's failure to identify all of the district court orders he challenges in his notice of appeal. *See* Fed. R. App. P. 3(c)(1)(B) (notice of appeal must "designate the judgment, order, or part thereof being appealed"); *Williams v. Akers*, 837 F.3d 1075, 1078 (10th Cir. 2016) ("Rule 3(c)(1)(B)'s designation requirement is jurisdictional."). They are mistaken.

Mr. Ombe's notice of appeal states that he is appealing the district court's final judgment and its filing restrictions order. *See* R. Vol. I at 476. "[A] notice of appeal which names the final judgment is sufficient to support review of all earlier orders

4

that merge in the final judgment." *McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1104 (10th Cir. 2002). And as "a general rule . . . all earlier interlocutory orders merge into final orders and judgments," with the result that "[h]aving appealed from the judgment, the appellant is free to attack any nonfinal order or ruling leading up to it." *Id.* (internal quotation marks omitted). As a result, our jurisdiction in this appeal extends to any of the district court's pre-judgment, nonfinal rulings that Mr. Ombe opted to challenge on appeal, as well as the filing restriction order he separately designated in his notice.

The State and DRNM Defendants do not contend any of the district court's pre-judgment rulings were final orders that fall outside of these rules.[1] Instead, they assume that Mr. Ombe's notice of appeal from the district court's judgment only encompasses the orders the district court specifically referenced in its judgment, which were its recent orders granting the State Defendants' motion for summary

---

[1] With respect to the DRNM Defendants and their motion to dismiss on jurisdictional grounds, we note that the district court's September 3, 2015 order dismissing the claims asserted against them was not a final, appealable order because the district court did not direct entry of final judgment regarding these claims at that time. *See Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1370 n.2 (10th Cir. 1979) ("In multiparty actions such as this, unless the trial judge expressly directs entry of a final judgment as to less than all the parties in accordance with the requirements of Fed.R.Civ.P. 54(b), the order [dismissing claims against a single defendant] does not become final until entry of judgment adjudicating all the claims, rights and liabilities of all the parties."); *Trinity Broad. Corp. v. Eller*, 827 F.2d 673, 675 (10th Cir. 1987) (per curiam) (adopting "the rule that a judgment in a consolidated action that does not dispose of all claims shall not operate as a final, appealable judgment under 28 U.S.C. § 1291. To obtain review of one part of a consolidated action, appellant must obtain certification under Fed.R.Civ.P. 54(b)").

5

judgment and denying Mr. Ombe's motions asking the court to reconsider its previous dispositive decisions and to allow him to amend his complaint. The Defendants' assumption is incorrect for the reasons stated above.

## B. Issues on Appeal

Because Mr. Ombe is appearing pro se, we liberally construe his filings.[2] *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Even so, we have some difficulty discerning the issues Mr. Ombe is attempting to raise on appeal. But it is clear Mr. Ombe argues that he was wronged by the district court, the magistrate judge, and defense counsel because, he contends, they did not understand his autism disorder and depression, did not appreciate how difficult it was for him to prosecute his suits given these conditions, failed to accommodate his disabilities in managing his case and deciding motions, and improperly focused on what he describes as "lawyer's nonsense," Reply Br. at 15, instead of "basic fairness," Opening Br. at 5. By "lawyer's nonsense," Mr. Ombe apparently refers generally to the district court's and the defendants' adherence to the applicable legal rules, both procedural and substantive, in addressing his claims.

Construing his opening brief liberally, it also appears that Mr. Ombe seeks to challenge several specific district court's rulings, including the district court's decision to consolidate his three cases, its denial of his request for help in serving one of the

---

[2] In addition to his opening and reply briefs, Mr. Ombe has filed various motions to amend or supplement his briefing and to provide the court with supplemental authorities. We grant these motions below, and have considered these additional filings and attached materials as relevant in our review.

individual State defendants, some aspects of its orders dismissing or granting summary judgment against his claims, and its filing restrictions order. Throughout, Mr. Ombe colors his complaints with disrespectful language directed at the district court and magistrate judges and the other participants in the proceedings below, thus repeating a pattern that is pervasive in the district court record.[3]

In his briefing and other supplementary materials, Mr. Ombe has provided us with a great deal of information concerning his autism disorder and depression and how both affect his cognitive functions, and we appreciate his efforts to inform the court on these subjects. We also note that Mr. Ombe provided much of this information to the district court as well in an effort to educate it on his conditions. But Mr. Ombe is mistaken in believing that the district court was required to disregard the legal rules that govern civil lawsuits in response to his cognitive and mental health issues or his pro se status. *See James B. Beam Distilling Co. v. Georgia*, 501 U.S. 529, 543 (1991) ("The applicability of rules of law is not to be switched on and off according to individual hardship."); *Garrett*, 425 F.3d at 840 ("[T]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." (internal quotation marks and brackets omitted)). These rules are not mere technicalities or legal nonsense, as Mr. Ombe contends, but rather serve to bring order, consistency, and

---

[3] Whether borne of frustration or other motivations, such language has no place in this or any court. *See Garrett*, 425 F.3d at 841 (stating that appellate briefing that impugns the integrity of the district judge will not be tolerated and may be stricken).

predictability to legal proceedings. And while Mr. Ombe insists that the district court was required to modify or ignore otherwise applicable procedural and substantive rules as an accommodation to his cognitive and mental health issues, he cites no legal authority that supports this proposition and we are aware of none.[4] Nor was it "the proper function of the district court to assume the role of advocate" for Mr. Ombe, as he apparently assumes. *See Garrett*, 425 F.3d at 840 (internal quotation marks omitted). In short, Mr. Ombe's report that he "[s]imply . . . could not handle" the applicable legal rules as a result of his autism and severe depression does not make the district court's adherence to them "completely wrong or unfair" as Mr. Ombe claims. Opening Br. at 23 & n.60; *cf. Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) ("[T]he right of access to the courts is neither absolute nor unconditional." (internal quotation marks omitted)).

Mr. Ombe's attempt to challenge the district court's filing restriction order and some of its other specific decisions also falls short. In presenting these issues for our review, Mr. Ombe was required to provide reasoned argument in his opening brief

---

[4] Mr. Ombe briefly refers to the American Disabilities Act, Section 504 of the Rehabilitation Act, the First and Fourteenth Amendments and various civil rights statutes in his general complaints regarding the district court proceedings, but does not identify any authority holding that these laws required the district court or defense counsel to act differently than they did. Mr. Ombe's assertion that 34 C.F.R. § 361.18(c)(2)(ii) is relevant here is incorrect for several reasons, including that it applies to state agencies that provide vocational rehabilitation services and thus has no application in a judicial proceeding. *See id.* § 361.18. Nor is there a "Federal Court Policy on Disability," as Mr. Ombe reports, *see, e.g.*, Opening Br. at 6, or any other court policy that required the district court to modify or abandon otherwise applicable legal rules in response to his conditions.

describing how he thinks the district court erred in each challenged order or decision, with citations to the legal authorities and parts of the record on which he relies. *See* Fed. R. App. P. 28(a)(8)(A); *Habecker v. Town of Estes Park*, 518 F.3d 1217, 1223 n.6 (10th Cir. 2008) (refusing to consider argument where appellant failed to "advance reasoned argument as to the grounds for the appeal" (internal quotation marks and brackets omitted)). The purpose of this rule, which applies to all appellants, is to ensure that an appellant provides us with the information necessary to decide the appeal, because it is not our role to serve as the appellant's attorney in constructing arguments, researching the law, or searching the record. *See Garrett*, 425 F.3d at 840.

Mr. Ombe's arguments regarding the specific district court orders and decisions he apparently seeks to challenge do not comply with this rule because they are conclusory and not supported by relevant legal authority. *See, e.g., Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1370 (10th Cir. 2015) ("A brief must contain an argument consisting of more than a generalized assertion of error, with citations to supporting authority." (internal quotation marks and brackets omitted)); *Garrett*, 425 F.3d at 841 (holding issues are inadequately briefed if they are supported by "conclusory allegations with no citations to the record or any legal authority"). In other words, Mr. Ombe's arguments regarding these decisions are inadequately presented for purposes of appellate review. When this occurs, we deem the inadequately briefed arguments waived and do

not review them on appeal.[5]  *See, e.g., Nixon*, 784 F.3d at 1368 (arguments "not adequately developed in a party's [opening] brief" are waived); *Garrett*, 425 F.3d at 841 (same).  Accordingly, we do not consider Mr. Ombe's challenges to any specific district court order or decision in this appeal.

## CONCLUSION

For the reasons stated above, we AFFIRM the district court's final judgment and order imposing filing restrictions.

With respect to the pending motions, we DENY the DRNM Defendants' motion to dismiss the appeal against them for lack of jurisdiction because, as discussed above, the interlocutory order dismissing the claims against them merged into the final judgment Mr. Ombe properly appealed.  We also DENY Mr. Ombe's motion to withdraw his motion for an extension of time to file his reply brief, filed June 11, 2018, as moot, but GRANT his motions seeking leave to file amendments or supplements to his briefs and to file supplemental authority, filed on July 11, July 19, August 29, October 1, and November 1, 2018, respectively.  Finally, we DENY Mr. Ombe's motion to proceed in forma pauperis on appeal because, for the reasons discussed above, his briefs do not demonstrate "the existence of a reasoned,

_____

[5]  In addition, we do not consider any issues Mr. Ombe raised in his reply brief or supplemental filings that were not included in his opening brief, because the appellees had no opportunity to respond to them.  *See Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000).  Except in very limited circumstances, we also do not consider issues that were not raised before the district court, *see Richison v. Ernest Group, Inc.*, 634 F.3d 1123, 1127-28 (10th Cir. 2011), such as Mr. Ombe's contention for the first time in this court that he was not able to respond to the State Defendants' summary judgment motion because it was not properly served on him.

10

nonfrivolous argument on the law and facts in support of the issues raised on appeal."

*DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court
Per Curiam
