**COLORADO BUILDING AND CONSTRUCTION TRADES COUNCIL, an unincorporated labor organization, Garnisher–Plaintiff,**

v.

**B.B. ANDERSEN CONSTRUCTION CO., INC., a Kansas corporation, Defendant.**

**BANK IV, TOPEKA, N.A., Intervenor–Appellee,**

v.

**REGIONAL TRANSPORTATION DISTRICT, Garnishee/Assignee– Appellant.**

No. 89–1091.

United States Court of Appeals, Tenth Circuit.

July 20, 1989.

Jan E. Montgomery of Hamilton, Myer, Swanson, Faatz & Clark, Denver, Colo., for intervenor-appellee.

Robert H. Winter of Wolf & Slatkin, Denver, Colo., for garnishee/assignee-appellant.

Before LOGAN, SEYMOUR and BALDOCK, Circuit Judges.*

BALDOCK, Circuit Judge.

This appeal presents the issue of whether the United States Magistrates Act, 28 U.S.C. §§ 631–639, empowers a magistrate to enter a final appealable order in a post-judgment dispute among competing creditors of a judgment debtor without the creditors' express consent. We hold that it does not.

I.

Pursuant to a Stipulation and Consent to Entry of Judgment dated November 4, 1986, the Colorado district court in this diversity action for breach of contract entered judgment for plaintiff, Colorado Building and Construction Trades Council (Colorado Building), and against defendant, B.B. Andersen Construction (BBA), in the amount of $606,036.16. Colorado Building as garnisher thereafter served a writ of

---

garnishment upon appellant, Regional Transportation District (RTD) as garnishee, to which RTD responded by depositing $141,712.86 into the district court's registry. Alleging status as a prior perfected secured creditor of BBA, intervenor-appellee, Bank IV Topeka (Bank IV), filed a motion to intervene which asserted Bank IV's entitlement to the deposited funds as against the judgment creditor and garnisher, Colorado Building. Colorado Building subsequently assigned its interest in the judgment to RTD.

Under the authority of D.Colo.R. 606(C), a United States magistrate entered a post judgment order on March 6, 1988, holding that Bank IV's security interest had priority over RTD's garnishment and directing that the clerk of court disburse the deposited funds to Bank IV. Rec. vol. I doc. 17. RTD submitted a motion to reconsider on March 16, 1989. Prior to the magistrate's ruling, however, RTD filed its notice of appeal on April 5, 1989, presumably to avoid expiration of the thirty day time limit for appeals prescribed in Fed.R.App.P. 4. Subsequently, we directed Bank IV and RTD to submit briefs addressing the appealability under 28 U.S.C. § 1291 of the magistrate's March 6 post-judgment order.[1]

## II.

Rule 606 of the District of Colorado's local rules reads in relevant part:

Each magistrate shall have authority to:

. . . . .

C. Handle post-judgment matters arising under Rule 69 of the Federal Rules of Civil Procedure including:

. . . . .

3. Making necessary orders directing that funds be disbursed from the registry of the court.

Although Fed.R.Civ.P. 69 does not address the resolution of claims between competing creditors, but rather only the execution of judgments, the magistrate apparently believed Rule 606 authorized him to conclusively resolve the priority dispute between Bank IV and RTD. The district court undoubtedly had the power to enter a final appealable order resolving Bank IV and RTD's post-judgment dispute. *See generally*, 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3916 (1976). But that a district court cannot by rule confer on a magistrate jurisdiction not permitted by statute is equally fundamental. *E.g., United Steelworkers of America v. Bishop*, 598 F.2d 408 (5th Cir.1979).[2]

Section 636 of the Magistrates Act addresses the jurisdiction and powers of federal magistrates. Subsection (c) authorizes a magistrate to enter final judgments appealable to the circuit court in "any or all proceedings in a jury or nonjury civil matter," where the (1) the district court designates the magistrate to do so and (2) the parties consent to such an exercise of jurisdiction. 28 U.S.C. § 636(c)(1). But because Bank IV and RTD did not consent to the magistrate's adjudication of the civil post-judgment proceedings in this case, subsection (c) in inapplicable. *See King v. Ionization Int'l, Inc.*, 825 F.2d 1180, 1184–85 (7th Cir.1987) (parties belated consent held sufficient to confer jurisdiction upon magistrate to adjudicate post-judgment dispute between creditors).

---

**1.** Because we hold the magistrate had no power to enter a final appealable order under 28 U.S.C. § 1291 in this instance, the fact that RTD moved for reconsideration of the magistrate's order is inconsequential.

Assuming *arguendo*, however, that the March 6 order was appealable, we also directed the parties to address whether the April 5 notice of appeal was prematurely filed in light of the March 16 motion for reconsideration. Since ten days had not elapsed prior to the filing of the motion for reconsideration, *see* Fed.R.Civ.P. 6(a), we construe the motion as arising under Fed.R.Civ.P. 59(e). *See Wilson v. Al McCord*

*Inc.*, 858 F.2d 1469, 1478 (10th Cir.1988). Because RTD's notice of appeal was filed while the motion was still pending, the notice is considered a nullity on this basis as well. Fed.R. App.P. 4(a)(4); *Martinez v. Sullivan*, 874 F.2d 751, 753–54 (10th Cir.1989).

**2.** Because we base our decision regarding the magistrate's authority to enter final appealable post-judgment orders on the lack of a congressional mandate, we have no occasion to address the constitutionality of the action at issue in this instance.

Section 636 does not expressly authorize a district court to designate a magistrate to handle post-judgment matters. Subsection (b) does have an inclusive provision which allows a district court to assign a magistrate "such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3). *See generally Gomez v. United States,* — U.S. —, 109 S.Ct. 2237, 2240–47, 104 L.Ed.2d 923 (1989) (holding that § 636(b)(3) does not permit a magistrate to preside over jury selection in felony trial without defendant's consent). Still, we have consistently recognized that "[a] magistrate exercising 'additional duties' jurisdiction remains constantly subject to the inherent supervisory power of the district judge and the judge retains the 'ultimate responsibility for decision making in every instance.'" *Harding v. Kurco, Inc.,* 603 F.2d 813, 814 (10th Cir.1979) (quoting *Mathews v. Weber,* 423 U.S. 261, 270, 96 S.Ct. 549, 554, 46 L.Ed.2d 483 (1976)). *Accord United States v. Southern Tanks, Inc.,* 619 F.2d 54, 55 (10th Cir.1980); *United States v. Jones,* 581 F.2d 816, 817–18 (10th Cir.1978). Our sister circuits agree. *E.g., Gleason v. Secretary of Health and Human Serv.,* 777 F.2d 1324 (8th Cir.1985) (decision issued pursuant to § 636(b) is subject to initial review by district court); *Glover v. Alabama Dept. of Corrections,* 734 F.2d 691, 693 (11th Cir.1984) (findings of magistrate under § 636(b) are subject to *de novo* review by the district court), *vacated and remanded on other grounds,* 474 U.S. 806, 106 S.Ct. 40, 88 L.Ed.2d 33 (1985), *judgment reinstated,* 776 F.2d 964, 965 (11th Cir.1985) (judgment reinstated as to all matters other than award of attorney fees).

Because a magistrate is not authorized to render final appealable decisions within the meaning of 28 U.S.C. § 1291, absent both designation by the district court and consent of the parties under 28 U.S.C. § 636(c), we are not empowered to address the merits of RTD's appeal from the post-judgment proceedings until the district court has reviewed the magistrate's proposed ruling in favor of Bank IV. RTD shall be given an opportunity before the district court to make timely objection to the magistrate's decision.

Accordingly, this appeal is DISMISSED for want of jurisdiction.

The mandate shall issue forthwith.