FILED
**United States Court of Appeals**
**Tenth Circuit**

**August 26, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DANIEL W. COOK, individually,

Plaintiff - Appellant,

v.

THE HONORABLE THEODORE C.
BACA, individually and in his
official capacity; WELLS FARGO
BANK, N.A.; WELLS FARGO &
COMPANY; JAY D. HERTZ, ESQ.
and MICHELLE K. OSTRYE, ESQ.,
both individually and as counsel for
Wells Fargo Bank, N.A. and Wells
Fargo & Company, N.A.; PENNY T.
KNIPPS, individually and in her
capacity as a V.P. of Wells Fargo
Bank, N.A.; SUTIN, THAYER
BROWNE P.C.; SCOTT AND
PAMELA JANE GARRETT TRUST
dated June 14, 1999; SCOTT
GARRETT, individually, as an
officer of Bid Group, Inc., and as
trustee of the Trust; PAMELA JANE
GARRETT, individually and as
trustee of the Trust; BID GROUP,
INC.; GARRETT CAPITAL, LLC;
JULIE VARGAS, ESQ. and
CATHERINE DAVIS, ESQ., both
counsel for Scott Garrett, the Garrett
Trust, Garrett Capital, LLC, and Bid
Group, Inc.; HUNT & DAVIS, P.C.;
JOHN DOE and/or JANE DOE,

Defendants - Appellees.

No. 14-2075
(D.C. Nos. 1:10-CV-01173-JAP-
KBM & 1:13-CV-00669-JAP-KBM)
(D. N.M.)

Consolidated with

DANIEL W. COOK,

Plaintiff - Appellant,

v.

WELLS FARGO BANK, N.A.,
SCOTT AND PAMELA JANE
GARRETT TRUST, BID GROUP,
INC., SCOTT GARRETT and
PAMELA JANE GARRETT,
individually and as trustees of the
Trust, and SCOTT GARRETT, as an
officer of BID GROUP, INC.,

Defendants - Appellees.

---

**ORDER AND JUDGMENT**[*]

---

Before **BACHARACH**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

Mr. Daniel W. Cook appeals orders issued in two consolidated cases.

In Case No. 10-CV-01173-JAP-KBM, he seeks review of the district

judge's orders consolidating cases and imposing filing restrictions, the

---

[*] The parties do not request oral argument, and the Court has determined that oral argument would not materially aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.

magistrate judge's refusal to allow the filing of certain motions, and other interlocutory orders related to the filing restrictions. In Case No. 13-CV-00669-JAP-KBM, Mr. Cook appeals from the district judge's order dismissing the complaint.

We dismiss the appeal in part based on a lack of appellate jurisdiction, modify the order of filing restrictions, and affirm the remainder of the challenged orders.

## 1. Mr. Cook's Statement to the District Court and the Eventual Filing Restrictions

This appeal grew out of an action in district court: No. 10-CV-1173. In that action, Mr. Cook sued a state district judge, the Hon. Theodore Baca. Judge Baca moved to enjoin further pleadings from Mr. Cook, claiming Mr. Cook was reasserting "disturbing, unfounded, conclusory, inflammatory allegations." R. at 1424.

In opposing Judge Baca's request, Mr. Cook stated:

As the Tenth Circuit has held, ultimately the question regarding a need for any kind of filing restrictions is whether a litigant is likely to continue to abuse the judicial process and harass other parties. . . . *Cook affirmatively states to this Court there is absolutely no likelihood he would file any other actions in any federal district court against the parties named in his one and only complaint filed by Cook in the federal courts, not unless the Tenth Circuit found the dismissal of his complaint by this Court was err.* [sic]

- 3 -

*Id.* at 1785 (emphasis added). Noting Mr. Cook's statement, the district judge declined in 2012 to impose filing restrictions, but dismissed the complaint. *Id.* at 1796.

Mr. Cook appealed the dismissal. Though we affirmed the dismissal, we remanded in part for the district court to modify the dismissal by making it without prejudice for the claims on which Mr. Cook lacked standing. *Cook v. Baca*, 512 F. App'x 821, 824 (10th Cir. 2013) (unpublished op.).

After we remanded for this narrow purpose, Mr. Cook filed an application in No. 10-CV-1173, entitled "Request for Hearing to Determine Scope of Tenth Circuit Remand <u>and</u> Notice of Cook's Ownership of Estate Interests in State Law Causes, Counts VII & VIII, Arising in a Title 11, § 1334 Jurisdiction." R. at 1863. The district court denied the request for a hearing concerning the scope of the remand, declined to exercise supplemental jurisdiction over the state-law causes of action, and modified the relevant portion of the prior dismissal to be without prejudice (as our court had instructed). Mr. Cook then filed a new action in the District of New Mexico (No. 13-CV-669) against Wells Fargo & Company and others.

Months later, Wells Fargo filed a motion in No. 10-CV-1173, asking the district court to (1) impose filing restrictions against Mr. Cook and (2) find Mr. Cook in contempt of court for breaking his promise that he would

not file a new action in federal district court. In Wells Fargo's view, Mr. Cook violated the district court's previous order and was continuing to file frivolous suits over the same subject-matter.

The district court scheduled a hearing to determine whether (1) to impose filing restrictions and (2) to find Mr. Cook in contempt. Mr. Cook filed two "emergency" motions to vacate the hearing and presented evidence.

In the meantime, the district court sua sponte consolidated No. 10-CV-1173 and Mr. Cook's new filing (No. 13-CV-669), directed that all future filings be made in No. 10-CV-1173, and denied Mr. Cook's motion to vacate the consolidation.

On March 11, 2014, the district judge imposed filing restrictions, relying on a need to prevent additional frivolous filings. Toward that end, the district judge directed the Chief Magistrate Judge to review future filings to determine whether they were frivolous. R. at 2162.

The next document recorded on the district court's docket is Mr. Cook's notice of appeal. But Mr. Cook claims he submitted a number of post-judgment pleadings that were not docketed because they had been filed while he was under filing restrictions. They include:

- An application for leave to file a Rule 59(e) motion challenging the imposition of filing restrictions. The Chief Magistrate Judge denied Mr. Cook's application on the ground that it lacked merit. *Id.* at 2186 (letter attached to notice of appeal).

- 5 -

The magistrate judge struck the file stamp, removed the application from the docket, and returned the documents with a letter denying authorization.

- A motion for an order directing the clerk to file the prior Rule 59(e) application. The clerk returned this document to Mr. Cook, with a note that the Chief Magistrate Judge had found the application lacked merit. *Id.* at 2192.

- A motion for authorization to object to the magistrate judge's so-called "recommendation" on the application to file a Rule 59(e) motion. The clerk returned this document, unfiled, with similar language. *See id.* at 2197.

On May 9, 2014, Mr. Cook filed a notice of appeal from the order imposing filing restrictions and certain other district court orders. At that point, the district judge had not disposed of the other consolidated case, No. 13-CV-669. The district judge later entered a final judgment dismissing No. 13-CV-669, and Mr. Cook filed an amended notice of appeal.

## 2.    Appellate Jurisdiction

Because final judgment has entered in these consolidated cases, Mr. Cook's first notice of appeal has ripened. *See Ruiz v. McDonnell*, 299 F.3d 1173, 1179 (10th Cir. 2002). Nonetheless, we must determine whether the underlying orders were appealable. There are two sets of dispositions. One set consisted of orders by the district judge; the other set consisted of letters issued by the Chief Magistrate Judge.

The orders by the district judge were appealable.[1] *See Koch v. City of Del City*, 660 F.3d 1228, 1237 (10th Cir. 2011) ("[O]nce a district court enters a final order, its earlier interlocutory orders merge into the final judgment and are reviewable on appeal." (internal quotation marks omitted)). Liberally construing the amended notice of appeal, we have

---

[1]    The notice of appeal purported to appeal from the following orders:

- The order of February 6, 2012, declining to impose filing restrictions;

- the order of consolidation combining Case Nos. 13-cv-669 and 10-cv-1173;

- the order denying Mr. Cook's motion to vacate the order of consolidation;

- the order denying Mr. Cook's "Emergency Motion for Court Order Implementing Rule 16, for Court Order Approving Clerk's Execution of *Pro Se* Subpoenas Including Cook's Response to 'Order to Show Cause;'"

- the order denying Mr. Cook's emergency motion to vacate and re-set the hearing on filing restrictions;

- the order imposing filing restrictions;

- the Chief Magistrate Judge's order denying authorization to file a Rule 59(e) motion;

- the letter from the court clerk rejecting Mr. Cook's attempt to re-present his authorization motion; and

- the letter from the court clerk returning objections to the magistrate judge's order disallowing authorization to file.

jurisdiction over Mr. Cook's challenges to the dismissal of his complaint in No. 13-CV-669.

But the Chief Magistrate Judge also issued three letters addressing requests for authorization to file a Rule 59(e) motion and appeal to the district judge, striking of documents from the record, and the clerk's failure to record documents submitted for filing. Mr. Cook could object to the dispositions reflected in the Chief Magistrate Judge's letters. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).[2] If he had objected, the district judge would have needed to decide whether to sustain or overrule the objection. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). In the absence of an objection to the district judge, we cannot entertain an appeal from the magistrate judge's dispositions. *See SEC v. Merrill Scott & Assoc.*, 600 F.3d 1262, 1269 (10th Cir. 2010) ("[A] magistrate judge may not issue a final order directly appealable to the court of appeals.").

We addressed a similar issue in *Colorado Building & Construction Trades Council v. B.B. Andersen Construction Co.*, 879 F.2d 809 (10th Cir. 1989). In *Colorado Building*, a magistrate judge entered a post-judgment

---

[2] Rule 72(a) and § 636(b)(1)(A) address pretrial motions. Here the matter involves motions filed after entry of a judgment rather than before trial. But when the magistrate judge enters a ruling after entry of the judgment, the district judge "retains the ultimate responsibility for decision making." *Colo. Bldg. & Constr. Trades Council v. B.B. Andersen Constr. Co.*, 879 F.2d 809, 811 (10th Cir. 1989) (internal quotation marks omitted).

order, and a garnishee appealed without filing an objection with the district judge. *Colo. Bldg. & Constr. Trades Council*, 879 F.2d at 810. We concluded that the magistrate judge's post-judgment order was not appealable because the order in question had been issued by a magistrate judge, not a district judge:

> Because a magistrate is not authorized to render final appealable decisions within the meaning of 28 U.S.C. § 1291, absent both designation by the district court and consent of the parties under 28 U.S.C. § 636(c), we are not empowered to address the merits of [the garnishee's] appeal from the post-judgment proceedings until the district court has reviewed the magistrate's proposed ruling . . . .

*Id.* at 811.

Mr. Cook tried to bring his complaints to the district judge by requesting authorization to appeal, but the magistrate judge returned the documents to Mr. Cook without a ruling by the district judge. In these circumstances, Mr. Cook could seek a writ of mandamus, asking us to compel the district judge to rule on the motion for authorization to appeal.

Mr. Cook has not asked us for a writ of mandamus.[3] We could conceivably interpret his notice of appeal as a petition for a writ of mandamus. If we did so, the most we could ultimately order is a ruling on

---

[3] Mr. Cook previously filed a petition for writ of mandamus that, construed liberally, could be read as a request for the district court to properly docket and decide his motions for authorization. Petition, *In re Cook*, No. 14-2079 (10th Cir. May 19, 2014). Our court denied the petition. Order, *In re Cook*, No. 14-2079 (10th Cir. June 2, 2014) (clerk's order).

the underlying request for leave to appeal to the district judge. If the district judge were to rule on that issue, the most he could do would be to alter the judgment under Rule 59(e). To justify alteration of the judgment, however, Mr. Cook had to present a valid challenge to the filing restrictions, the reopening of Case No. 10-CV-1173, or the consolidation of the district court cases. We reject each of those challenges below. Thus, it would be futile for us to construe the notice of appeal as a petition for mandamus relief.

**3.    Decision Not to Impose Filing Restrictions**

Mr. Cook has also appealed the 2012 order in which the district judge decided not to impose filing restrictions. The defendants argue that we should decline to review the order because litigants cannot challenge a judgment in their favor. But even if we considered the order to be unfavorable to Mr. Cook—because it imposed a de facto filing restriction by taking him at his word that he would not file any new actions—Mr. Cook's earlier appeal did not include a challenge to the 2012 order based on a de facto imposition of filing restrictions. As a result, Mr. Cook has waived his challenge to the 2012 order. *See, e.g.*, *Mason v. Okla. Turnpike Auth.*, 182 F.3d 1212, 1214 (10th Cir. 1999) (failure to raise an issue available in a prior appeal would waive a second appeal concerning the issue after a remand on a different ground); *see also Martinez v. Roscoe*,

100 F.3d 121, 123 (10th Cir. 1996) ("[A] legal decision made at one state of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time.").

**4.     Issues Involving Reopening and Consolidation**

Mr. Cook argues that the district court lacked Article III jurisdiction to reopen Case No. 10-CV-1173, erred in consolidating that case with No. 13-CV-669, and improperly decided Wells Fargo's motion for filing restrictions. We reject these arguments.

In determining the issues involving consolidation and filing restrictions, we apply the abuse-of-discretion standard. *See Lehman Bros. Holdings, Inc. v. Gateway Funding Diversified Mortg. Servs., L.P.*, 785 F.3d 96, 100 (3d Cir. 2015) (consolidation); *Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989) (per curiam) (filing restrictions). On Mr. Cook's jurisdictional challenge to the decision to reopen Case No. 10-CV-1173, we apply de novo review. *See In re Natural Gas Royalties*, 562 F.3d 1032, 1038 (10th Cir. 2009) (stating that the court engages in de novo review on issues involving subject-matter jurisdiction).

Mr. Cook erroneously challenges the court's power to reopen Case No. 10-CV-1173. His challenge appears to be based on confusion between

the merits of his underlying challenge and issues involving filing restrictions. It is true that the underlying dispute in No. 10-CV-1173 terminated when the district court entered its order carrying out our mandate in the earlier appeal. But the district court retained jurisdiction to determine Wells Fargo's motion for filing restrictions. *See Judd v. Univ. of N.M.*, 204 F.3d 1041, 1044 (10th Cir. 2000) (holding that even though the Court of Appeals lacked appellate jurisdiction over the merits of an appeal, the court had jurisdiction to determine whether to impose filing restrictions).

We also reject the challenge to consolidation, for Mr. Cook cites no authority that would prohibit consolidation of a case involving a pending motion for filing restrictions with another related case. *See* Fed. R. Civ. P. 42 (permitting the district court to consolidate "actions before the court" that "involve a common question of law or fact"). Mr. Cook's filing in No. 13-CV-669 prompted the motion for filing restrictions. That motion implicated the 2013 case, creating common questions of law or fact in the two cases. Thus, the court did not abuse its discretion in ordering consolidation.

Mr. Cook makes three challenges to the imposition of filing restrictions:

1.    These restrictions constituted an injunction, triggering procedural requirements in Fed. R. Civ. P. 65 that were not satisfied.

2.    The motion for filing restrictions was not served.

3.    The motion was late.

We reject these arguments.

According to Mr. Cook, the filing restrictions constituted an injunction under Fed. R. Civ. P. 65, requiring the district court to use the procedures in Rule 65 rather than rely on the court's inherent authority or authority under the All Writs Act, 28 U.S.C. § 1651. We disagree. Rule 65 supplies courts with authority to enter injunctions, but that authority exists elsewhere, too. For example, "[f]ederal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006). And courts can impose filing restrictions under the All Writs Act. *See Howard v. Mail-Well Envelope Co.*, 150 F.3d 1227, 1232 (10th Cir. 1998) (noting this court's authority to enter filing restrictions "commensurate with our inherent power to enter orders necessary and appropriate in aid of our jurisdiction under 28 U.S.C. § 1651" (brackets omitted)). Mr. Cook does not provide any convincing authority for us to circumscribe these powers based on Rule 65.

- 13 -

Mr. Cook further argues that Wells Fargo should have personally served its motion for filing restrictions because the motion constituted "an independent petition for relief." Appellant's Opening Br. at 26. But Wells Fargo served Mr. Cook by mail, which was sufficient under Fed. R. Civ. P. 5. *See* R. at 1924. Thus, Mr. Cook's argument is invalid.

Finally, Mr. Cook argues that Wells Fargo waited too long to file its motion for filing restrictions, relying on Fed. R. Civ. P. 7 and N.M. Local Rule 7.4. But Rule 7 does not set a time limit for filing motions, and Local Rule 7.4 establishes only the timing for responses and replies to motions. Contrary to Mr. Cook's assumption, Wells Fargo's motion for filing restrictions did not constitute a "response" to Judge Baca's prior motion; rather, the motion was a request for the court to impose the sanctions Judge Baca had previously requested. As a result, we reject Mr. Cook's contention.

## 5. Use of Mr. Cook's "Promise" to Punish Him

As noted, we will not consider the merits of Mr. Cook's attack on the 2012 order declining to impose filing restrictions. But Mr. Cook also uses that order as a stepping-stone to challenge the later order imposing filing restrictions. He argues that the district court's recital of his promise to stop filing new actions against the defendants "was retroactively held by

the court to be an injunctive order disobeyed by Cook." Appellant's Opening Br. at 28.

Mr. Cook argues that the court should not have treated his alleged broken promise as disobeying an injunction because (1) he never made a promise to Wells Fargo, (2) he did not breach his promise by filing the new action, and (3) the district court failed to provide the safeguards required in Federal Rule of Civil Procedure 65 before entering the "injunction." But in its order imposing filing restrictions, the district judge stated:

> Whether Mr. Cook made a promise to this Court is no longer relevant to this Court's imposition of filing restrictions. The Court's imposition of filing restrictions is based on Mr. Cook's repeated filings of frivolous pleadings asserting claims that have been decided by other courts, claims that Mr. Cook has no standing to assert, or claims over which this Court has declined to exercise jurisdiction. . . .

R. at 2153 n.26.

It is true, as Mr. Cook points out, that the district court later referred to a "broke[n] . . . promise." *See id.* at 2157. Notwithstanding the references to Mr. Cook's so-called "promise," the district judge justified the restrictions based on Mr. Cook's lengthy, abusive litigation history. In view of this rationale, we reject Mr. Cook's arguments concerning the district judge's reliance on a broken "promise" or the entry of an "injunction."

- 15 -

**6. District Court's Alleged Misuse of its "Criminal Contempt" Powers**

Mr. Cook argues that by dismissing the case in No. 13-CV-669, the district judge (1) imposed a sanction of criminal contempt, stripping him of a $5.5 billion claim without appropriate procedural safeguards, and (2) deprived him of the constitutional rights to due process and a jury trial.

These arguments lack merit. The district judge explained that it was dismissing the action for lack of merit rather than as a "criminal contempt" sanction:

> In the Complaint, Mr. Cook asserted claims against Wells Fargo Bank, N.A., Scott and Pamela Jane Garrett Trust, BID Group, Inc., Scott Garrett and Pamela Jane Garrett, individually and as trustees of the Trust, and Scott Garrett, as an officer of BID Group, Inc. (Defendants) that this Court previously dismissed without prejudice for lack of standing. Mr. Cook has not acquired standing under 11 U.S.C. § 554(c), as the Court more fully explained in its MEMORANDUM OPINION ON FILING RESTRICTIONS (Doc. No. 160). In the Complaint, Mr. Cook also reasserted claims over which this Court either lacks jurisdiction, has declined jurisdiction, or has already dismissed with prejudice under Rule 12(b)(6) as legally unsupportable. Hence, it is appropriate to enter judgment in favor of Defendants and dismiss the Complaint in its entirety. See Doc. Nos. 94, 122, & 123.

Supp. R. filed 05/19/2015 at 36. Because the dismissal was proper, the court did not violate the Seventh Amendment or the Fourteenth Amendment's Due Process Clause. *See Shannon v. Graves*, 257 F.3d 1164, 1167 (10th Cir. 2001).

Mr. Cook also challenges the district court's refusal to exercise jurisdiction over his state-law claims. In the complaint in No. 13-CV-669, Mr. Cook alleged that the district court had jurisdiction over his state-law claims under 28 U.S.C. § 1334 because they had arisen "in a Title 11 bankruptcy case." Supp. R. filed 06/26/2014, Vol. 1 at 5. The district court rejected this contention, stating it could discern no Title 11 claims within the state-law claims advanced by Mr. Cook. R. at 2151-52. For substantially the reasons stated in the orders, the district judge properly (1) declined jurisdiction over Mr. Cook's claims in No. 13-CV-669 and (2) dismissed these claims.

In addition, Mr. Cook argues that the imposition of filing restrictions was criminal rather than civil because the restrictions did not serve a remedial purpose. Filing restrictions prevent future misconduct and restrain a litigant from continuing to abuse the court system, thus serving a remedial purpose. As a result, we reject Mr. Cook's characterization of the filing restrictions. *See Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 192-93 (5th Cir. 2008) (holding that filing restrictions were not based on criminal contempt because the purpose was to curtail future court access rather than to punish the claimant).

**7.    Adequacy of Findings to Support Filing Restrictions**

Mr. Cook also attacks the order implementing filing restrictions, arguing that the record does not show that his pro se filings were numerous or abusive. This contention lacks merit. The district court painstakingly documented Mr. Cook's lengthy, abusive filing history and the need for filing restrictions. *Id.* at 2127-57.

According to Mr. Cook, the district court "erred in taking judicial notice of findings of fact, or just comments, made in other cases." Appellant's Opening Br. at 42. Presumably Mr. Cook is referring to other courts' observations that his filings in those courts were vexatious or lacked merit. The numerous judicial decisions deploring Mr. Cook's conduct and rejecting his arguments are relevant evidence that his litigation is vexatious. This argument lacks merit.

**8.    Scope of Filing Restrictions**

Though we affirm the use of filing restrictions to deter Mr. Cook from abusing the court system, these restrictions must be "carefully tailored." *Sieverding v. Colorado Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (internal quotation marks omitted). The district court's order is overbroad in two respects.

First, the order is overly broad in terms of subject-matter. The district judge prohibited "Mr. Cook, individually, as a representative of

Yolanda Cook, deceased, as representative of any corporate entity . . . or as successor in interest to Philip J. Montoya, the Chapter 7 Trustee in Mr. Cook's bankruptcy case . . . from filing any pleadings, motions, or other documents against any of the parties named as defendants in Case No. 11 CV 1173 JP/KBM or in Case No. 13 CV 669 JP/KBM in the United States District Court for the District of New Mexico without the signature of an attorney licensed to practice before the Court." R. at 2161. This restriction entails an outright bar on pro se litigation against these defendants, unlimited by subject-matter.

The scope of this bar is not justified by the findings concerning Mr. Cook's abusive filings regarding the subject-matter of the current dispute. Therefore, we remand with instructions to modify the filing restrictions order to prohibit Mr. Cook's pro se filings against these defendants with respect to the subject-matter of these cases. *See Sieverding*, 469 F.3d at 1345 (holding that a filing restriction was too broad in restricting filings on any subject-matter); *see also Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (modifying filing restrictions to cover only filings in future cases relating to the subject-matter of the federal suits).

Second, the order is overbroad in terms of the individuals and entities that Mr. Cook is restricted from suing. The district judge enjoined

Mr. Cook "from filing *any* pleadings, motions, or other documents *pro se* in the United States District Court for the District of New Mexico without leave of court." R. at 2161 (emphasis added). This broad restriction against filing any further pro se pleadings against anyone without court permission is not justified by the district court's findings concerning Mr. Cook's abusive filings against the parties named as defendants in this case. *See Sieverding*, 469 F.3d at 1345 (holding that a filing restriction was too broad in restricting future filings as to any defendant).

For both reasons, we remand to the district court to limit the filing restrictions to claims against the parties who were defendants in Case No. 11 CV 1173 JP/KBM and Case No. 13 CV 669 JP/KBM. But the district court can continue to serve as a gatekeeper for pro se filings by Mr. Cook against these defendants, even where such filings are ostensibly unrelated to the current dispute.

### 9. Recusal for Bias

Finally, Mr. Cook contends that the district judge and Chief Magistrate Judge should have recused themselves and should be removed from his case for bias. This contention is rejected. In our view, the record does not reflect bias on the part of the district judge or magistrate judge.

**10.   Conclusion**

We dismiss this appeal in part for lack of appellate jurisdiction, reverse and remand with directions to modify the district court's filing restrictions (as discussed above), affirm in all other respects, and deny all pending motions.

Entered for the Court


Robert E. Bacharach
Circuit Judge