**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-1002

_____

ANTHONY S. MINA;
TLC DREAMS FOUNDATION;
THE TRUTH TODAY FOR A BETTER
TOMORROW POLITICAL COMMITTEE

v.

CHESTER COUNTY;
CHESTER COUNTY COURT OF COMMON PLEAS;
PRESIDENT JUDGE JAMES P. MACELREE;
JUDGE ANTHONY A. SARCIONE;
JUDGE THOMAS G. GAVIN;
JUDGE JACQUELINE CARROLL CODY;
JUDGE KATHERINE B.L. PLATT;
JUDGE MARK L. TUNNELL;
JUDGE JOHN L. BRAXTON;
CHESTER COUNTY DOMESTIC RELATIONS SECTION, CCDRS;
CCDRS DIRECTOR JOSEPH M. WATERS;
WILLIAM R. WHITEHEAD, CCDRS DEPUTY DIRECTOR;
CCDRS ROBIN KELLY;
CATHY SMITH, CCDRS ADMINISTRATIVE SECRETARY;
SHAUNA JOHNSON, CCDRS ENFORCEMENT OFFICER;
MARY JONES, CCDRS STAFF ATTORNEY;
RICHARD LOMBARDI, CCDRS HEARING OFFICER;
ROSE ANDERSON, CCDRS HEARING OFFICER;
JANET SNYDER, FAMILY COURT SECRETARY;
ROBERT E. KYLE, DIRECTOR OF JUVENILE PROBATION;
WILLIAM HANDY, CHESTER COUNTY COURT REPORTER CHIEF;
THOMAS HOGAN, CHESTER COUNTY DISTRICT ATTORNEY CCDA;
CCDA PETER HOBART;
CCDA JOSEPH CARROLL, FORMER DA;
CCDA CRISTIN KUBACKE;
CCDA CHARLES GAZA;
WEST CHESTER POLICE DEPARTMENT, WCPD;

WCPD CHIEF SCOTT BOHN;
WCPD DETECTIVE STAN BILLIE;
WCPD SGT. LOUIS DESCHULLO;
WCPD OFFICER GREG CUGINO;
DANIELLE CUGINO, CHESTER COUNTY PROBATION COLLECTION OFFICER;
KEITH LAURER, CHESTER COUNTY PROBATION OFFICER;
JOHN R. MERRICK, CHESTER COUNTY PUBLIC DEFENDER;
NATHAN SHENKER, CHESTER COUNTY PUBLIC DEFENDER;
BRYAN WALTERS, PROTHONOTARY;
DAILY LOCAL NEWS COURTHOUSE;
ATTORNEY GENERAL PENNSYLVANIA;
ATTORNEY LEONARD J. RIVERA;
ATTORNEY DAWSON RICHARD MUTH;
ATTORNEY ERIC TRAJTENBERG;
DAILY LOCAL NEWSPAPER;
FEDERAL COURT JUDGE LUIS FELIPE RESTREPO;
FEDERAL COURT JUDGE MITHCELL S. GOLDBERG;
CHARLES MAINES, CHESTER COUNTY PROBATION OFFICER;
WELLS FARGO BANK;
OPTIMA WEB DESIGN/ENET, (RON SHUR, NICK POTOPOV);
JUDGE BERNARD A. MOORE;
LUMBER LIQUIDATORS;
DELAWARE COUNTY;
DELAWARE COUNTY JUVENILE DETENTION CENTER;
MARK A. MURRAY, DIRECTOR OF DEL. COUNTY JUVENILE DETENTION;
MEDCENTER 100;
DISTRICT JUDGE WILLIAM KRAUT;
CHESTER COUNTY HOSPITAL;
MICHAEL J. DUNCAN, CC HOSP. CEO;
WEST GOSHEN TOWNSHIP;
WEST GOSHEN POLICE DEPARTMENT;
JOHN J. LISS, WEST GOSHEN POLICE OFFICER

Anthony S. Mina,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:14-cv-06261)

2

District Judge:  Honorable Edward G. Smith

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 1, 2016

Before: CHAGARES, JORDAN and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 8, 2017)

OPINION*

PER CURIAM

In March 2015, Anthony Mina filed a lengthy and far-ranging amended complaint on behalf of himself and two corporate entities (The Truth Today for a Better Tomorrow Political Committee and the TLC Dreams Foundation) describing a vast conspiracy against him orchestrated by a group of 62 defendants that he dubbed the "Chester County Molluscum Penis Crime Family."[1]  The complaint reads like an autobiography of approximately 20 years of his life, highlighting his arrests, conflicts with the mother of one of his children, and his interactions with the judicial system.  The allegations reach as far back as 1996, when he was detained as a juvenile delinquent.  (Although the complaint is not entirely clear, he seems to suggest that a sort of rash that he got at that

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The two corporate entities have been dismissed from this appeal.  Order of April 4, 2016.

time was an effort by the defendants to use his penis as a "power plant" or to plant devices on him to control his actions and monitor his behavior. Amended Complaint at ¶¶ 963-94.) Mina blames the defendants for all wrongs that have befallen him, including his commitment to a mental institution, employment troubles, child-custody issues, and health concerns. (Among other things, he thinks they are punishing him because he will not "be a part of [the defendants'] lies," including a cover-up relating to the death of an FBI agent's wife. Amended Complaint at ¶¶ 1038-43.)

After dealing with a great number of motions and other filings and after holding hearings, the District Court dismissed Mina's case for lack of subject-matter jurisdiction. At that time, the District Judge also denied Mina's request that he recuse. Mina appeals.[2]

We have jurisdiction under 28 U.S.C. § 1291.[3] Our review of the order dismissing the complaint is plenary. See Treasurer of New Jersey v. U.S. Dep't of Treasury, 684 F.3d 382, 395 (3d Cir. 2012). Upon review, we conclude that the District Court correctly concluded that subject-matter jurisdiction is lacking over Mina's claims.

_____

[2] Mina also submits a letter to inform us that a criminal and civil conspiracy has "engulfed" the United States District Court for the Eastern District of Pennsylvania and another letter in which he accuses the District Judge of corruption.

[3] One of the appellees asks us to dismiss the appeal from the order dismissing the complaint for lack of jurisdiction on the basis that the appeal was untimely filed. However, Mina filed his notice of appeal within the time permitted. The District Court entered its order on October 29, 2015. Mina filed a timely motion for reconsideration, which tolled the time to appeal until the District Court ruled on November 10, 2015. See Fed. R. App. P. 4(a)(4). On December 31, 2015, Mina timely filed his notice of appeal within the 60 days allotted. See Fed. R. App. P. 4(a)(1)(B).

Under the circumstances, Mina's claims can be considered to be "so attenuated and unsubstantial as to be absolutely devoid of merit," "wholly insubstantial," "obviously frivolous," "plainly unsubstantial," or "no longer open to discussion." Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (citations omitted). Given Mina's efforts to connect his allegations about actions and events over approximately 20 years into a vast conspiracy against him, as well as the outlandish nature of some of his claims (such as the planting of devices on his body and the defendants' revenge for his refusal to participate in the cover-up of the circumstances surrounding the death of an FBI agent's wife), we will affirm the District Court's ruling on the District Court's reasoning.[4]

We also hold that the District Judge did not abuse its discretion in declining to recuse. There is no evidence in the record that the District Judge was biased against Mina. He entertained notices and motions of all sorts and gave Mina generous opportunities (including at hearings) to explain the basis of his claims. Second, recusal is not necessary because a reasonable person, with knowledge of the relevant facts and circumstances, would not doubt the District Judge's impartiality. See Edelstein v. Wilentz, 812 F.2d 128, 131 (3d Cir. 1987). Mina's dissatisfaction with the District Court's rulings does not warrant recusal. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a

---

[4] It is not entirely clear whether Mina, whose appeal was also timely as to the orders denying his motion for reconsideration and denying his Rule 60(b) motion, challenges those decisions in his brief. We note, however, that neither reconsideration nor reopening was warranted.

party's displeasure with legal rulings does not form an adequate basis for recusal."). Mina sought to name the District Judge as a defendant in the action (in an unauthorized amendment to the complaint) (and has since filed suit against him). However, the addition of the District Judge's name to the long list of conspirators, which already included other judges that had ruled against Mina, was an attempt to bring a baseless suit against the District Judge. It was not a basis for recusal. See, e.g., Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006) ("[T]he mere fact that [a judge] may be one of the numerous federal judges that [a litigant] has filed suit against is not sufficient to establish that . . . recusal from his case is warranted under 28 U.S.C. § 144 or § 455(a).").

In short, we will affirm the District Court's judgment. Appellant's motions are denied.