**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-3420

_____

ANTHONY STOCKER MINA;
TLC DREAMS FOUNDATION*;
THE TRUTH TODAY FOR A BETTER TOMORROW POLITICAL COMMITTEE*

v.

CHESTER COUNTY; CHESTER COUNTY COURT OF COMMON PLEAS;
PRESIDENT JUDGE JAMES P. MACELREE; JUDGE ANTHONY A. SARCIONE;
JUDGE THOMAS G. GAVIN; JUDGE JACQUELINE CARROLL CODY;
JUDGE KATHERINE B.L. PLATT; JUDGE MARK L. TUNNELL;
JUDGE JOHN L. BRAXTON; CHESTER COUNTY DOMESTIC RELATIONS
SECTION, CCDRS; JOSEPH M. WATERS, CCDRS DIRECTOR;
WILLIAM R. WHITEHEAD, CCDRS DEPUTY DIRECTOR;
ROBIN KELLY, CCDRS DIRECTOR; CATHY SMITH, CCDRS ADMINISTRATIVE
SECRETARY; SHAUNA JOHNSON, CCDRS ENFORCEMENT OFFICER;
MARY JONES, CCDRS STAFF ATTORNEY; RICHARD LOMBARDI,
CCDRS HEARING OFFICER; ROSE ANDERSON, CCDRS HEARING OFFICER;
JANET SNYDER, FAMILY COURT SECRETARY; ROBERT E. KYLE,
DIRECTOR OF JUVENILE PROBATION; WILLIAM HANDY, CHESTER
COUNTY COURT REPORTER CHIEF; THOMAS P. HOGAN, CHESTER
COUNTY DISTRICT ATTORNEY CCDA; PETER HOBART, CCDA;
JOSEPH A. CARROLL, FORMER DA; CRISTIN KUBACKE, CCDA;
CHARLES GAZA, CCDA; WEST CHESTER POLICE DEPARTMENT,
WCPD/W.C. BOROUGH; SCOTT BOHN, WCPD CHIEF; STAN BILLIE,
WCPD DETECTIVE; LOUIS DESCHULLO, WCPD SGT.; GREG CUGINO,
WCPD OFFICER; DANIELLE CUGINO, CHESTER COUNTY PROBATION
COLLECTION OFFICER; KEITH LAURER, CHESTER COUNTY PROBATION
OFFICER; JOHN R. MERRICK, CHESTER COUNTY PUBLIC DEFENDER;
NATHAN SHENKER, CHESTER COUNTY PUBLIC DEFENDER;
BRYAN WALTERS, PROTHONOTARY; DAILY LOCAL NEWS COURTHOUSE;
THOMAS W. CORBETT, JR., ATTORNEY GENERAL; ATTORNEY LEONARD J.
RIVERA & MACELREE HARVEY LAW FIRM; ATTORNEY DAWSON RICHARD
MUTH & GOLDBERG, MEANIX, MCCALLIN AND MUTH LAW FIRM;
ERIC TRAJTENBERG, ATTORNEY; DAILY LOCAL NEWSPAPER;

OPTIMA WEB DESIGN/ENET, RON SHUR, NICK POTOPOV;
L. FELIPE RESTREPO, FEDERAL COURT JUDGE;
MITCHELL S. GOLDBERG, FEDERAL COURT JUDGE;
CHARLES MAINES, CHESTER COUNTY PROBATION OFFICER;
WELLS FARGO BANK; JUDGE BERNARD A. MOORE;
LUMBER LIQUIDATORS; DELAWARE COUNTY;
DELAWARE COUNTY JUVENILE DETENTION CENTER;
MARK A. MURRAY, DIRECTOR OF DEL. COUNTY JUVENILE DETENTION;
MEDCENTER 100; WILLIAM KRAUT, DISTRICT JUDGE;
CHESTER COUNTY HOSPITAL; MICHAEL J. DUNCAN, CC HOSP. CEO;
WEST GOSHEN TOWNSHIP; WEST GOSHEN POLICE DEPARTMENT;
JOHN J. LISS, WEST GOSHEN POLICE OFFICER; UNITED STATES
DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA;
EDWARD G. SMITH, FEDERAL JUDGE; ALAN J. DAVIS; WILLIAM DITTER,
FEDERAL JUDGE; MAIN LINE HEALTH CARE, Collectively, Chester County
Molluscum Penis Crime Family

ANTHONY S. MINA,
Appellant

*(Dismissed pursuant to Clerk's Order dated 09/30/2016)

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-15-cv-05452)
District Judge:  Honorable Gerald J. Pappert

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 4, 2017

Before:  VANASKIE, SHWARTZ and FISHER, Circuit Judges

(Opinion filed:  April 5, 2017)

_____

OPINION[*]

_____

PER CURIAM

Pro se appellant Anthony Mina appeals the District Court's order denying several post-judgment motions. For the reasons set forth below, we will affirm.

Mina is a frequent and prolific litigant. As relevant here, in 2015, he filed a complaint spanning 151 pages with 1,206 numbered allegations against 62 defendants that he dubbed the "Chester County Molluscum Penis Crime Family." Mina alleged that the defendants had engaged in a vast conspiracy against him, which has persisted for at least 20 years and has affected his business, his child-custody and child-support proceedings, and his ability to place advertisements in a newspaper and access his medical records, among many other things. After prolonged motions practice and oral argument, the District Court dismissed the action, concluding that Mina's allegations were so outlandish that federal jurisdiction was not implicated. See E.D. Pa. Civ. A. No. 2:14-cv-6261. Mina appealed, and we affirmed. See Mina v. Chester Cty., --- F. App'x ---, 2017 WL 532298 (3d Cir. Feb. 8, 2017).

Mina then instituted the action here. He filed a complaint containing the same 1,206 allegations from his complaint in No. 14-cv-6261, plus an additional 52 numbered allegations. See E.D. Pa. Civ. A. No. 2:15-cv-5452. He also filed several motions. On

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

3

March 10, 2016, the District Court dismissed the complaint "for lack of subject matter jurisdiction consistent with the disposition and dismissal of the substantially identical complaint filed at No. 14-cv-06261." Dkt. #24. The Court also denied each of Mina's pending motions. On March 23, 2016, Mina filed a motion for reconsideration. See dkt. #28. The Court denied that motion on March 30, 2016. See dkt. #30.

Beginning on April 11, 2016, Mina filed several more motions: (1) a motion seeking the District Judge's recusal, dkt. #31; (2) a motion under Fed. R. Civ. P. 60(b), dkt. #33; (3) a second motion for reconsideration, dkt. #35; and (4) a motion for access to the electronic filing system, dkt. #37. On July 28, 2016, the District Court denied each of those motions. On August 16, 2016, Mina filed a notice of appeal to this Court.

The scope of this appeal is narrow. To the extent that Mina challenges the District Court's order dismissing his complaint or its order denying his first motion for reconsideration (which we construe as a motion under Fed. R. Civ. P. 59(e), see Wiest v. Lynch, 710 F.3d 121, 127 (3d Cir. 2013)), we lack jurisdiction. A notice of appeal must be filed, in cases like this one involving federal parties, within 60 days of the order that the party seeks to appeal. Fed. R. App. P. 4(a)(1)(B). The District Court entered its order dismissing the complaint on March 10, 2016. While Mina's initial Rule 59(e) motion tolled the time to appeal, see Fed. R. App. P. 4(a)(4)(A)(iv), his subsequent motions for reconsideration (whether arising under Rule 59(e) or Rule 60) did not, see Turner v. Evers, 726 F.2d 112, 114 (3d Cir. 1984). Mina did not file his notice of appeal within 60 days of either the District Court's order dismissing the action or its order denying his first

4

Rule 59(e) motion. Accordingly, insofar as Mina appeals the District Court's dismissal order or its denial of the first Rule 59(e) motion, we will dismiss the appeal for lack of jurisdiction. See Bowles v. Russell, 551 U.S. 205, 214 (2007).

While we possess jurisdiction over the orders denying Mina's recusal motion, Rule 60(b) motion, second motion for reconsideration, and motion for access to electronic filing, see Long v. Atl. City Police Dep't, 670 F.3d 436, 446 n.19 (3d Cir. 2012); United States v. Yonkers Bd. of Educ., 946 F.2d 180, 183 (2d Cir. 1991) (per curiam), the District Court properly denied those motions. The recusal motion was meritless. Mina argued that the District Judge should recuse because Mina had named the Judge's civil deputy as a defendant in a subsequent action, E.D. Pa. Civ. A. No. 2:16-cv-01013. However, a District Judge need not recuse even when the Judge him or herself is named in a different action, see Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006) (per curiam), let alone when a staff member is the named defendant, see Mathis v. Huff & Puff Trucking, Inc., 787 F.3d 1297, 1311 (10th Cir. 2015) ("[i]f a clerk has a possible conflict of interest, it is the clerk, not the judge, who must be disqualified" (alteration in original) (quoting Hunt v. Am. Bank & Trust Co., 783 F.2d 1011, 1016 (11th Cir. 1986))).

Mina's Rule 60(b) motion and second Rule 59(e) motion — which are materially identical — also lack merit. The motions are also identical to the first Rule 59(e) motion, which the District Court denied March 30, 2016. These motions merely reasserted arguments that Mina had previously advanced, and thus provided no basis for

5

reconsideration.  See, e.g., Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008); Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010).

Finally, because by this time Mina's action was over, there was no reason for the District Court to permit Mina to file electronically, especially because a different District Judge had granted and then revoked Mina's right to do so in a previous case.  See Mina v. Chester Cty. Court of Common Pleas, Civ. A. No. 13-7622, 2014 WL 3639132, at *3 (E.D. Pa. July 21, 2014); see also 3d Cir. L.A.R. 113.2(d) ("The clerk may terminate without notice the electronic filing privileges of any Filing User who abuses the system by excessive filings, either in terms of quantity or length.").

We note that this represents Mina's third appeal concerning the same underlying factual allegations.  His filings also contain bizarre, abusive, and potentially threatening language.  We warn Mina that further duplicative or abusive filings will result in sanctions and filing restrictions.

We will affirm the District Court's judgment.

6