BLD-337                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1768
_____

ANTHONY S. MINA, TLC DREAMS FOUNDATION, THE TRUTH
TODAY FOR A BETTER TOMMOROW POLITICAL COMMITTEE,
                                                              Appellant

v.

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA;
PRESIDENT JUDGE PETRESE B. TUCKER; MICHAEL KUNZ;
NICOLE DURSO; KEVIN EIBEL; STEVEN TOMAS;
MICHELE DINAPOLI; KATIE FURPHY; JANE, (SUPERVISOR),
COLLECTIVELY "FEDERAL ADMINISTRATIVE CONSPIRATORS"

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:16-cv-01013)
District Judge:  Honorable Gerald J. Pappert

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 17, 2017
Before:  AMBRO, GREENAWAY, JR. and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  October 16, 2017)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Anthony Mina appeals from two District Court orders in the above case. These orders dismissed his civil action, enjoined him from filing new suits against parties of the United States without first seeking permission from the District Court, and struck his amended complaint. For the reasons below, we will summarily affirm the District Court's orders.

I.

Mina is a prolific pro se litigant. A review of the relevant electronic dockets reflects that during the last four years Mina has filed seven actions in U.S. District Court for Eastern District of Pennsylvania and eight appeals in this Court. In summary, Mina has sued various lawyers, judges, court employees, and government entities, among others, about alleged mistreatment during the past twenty years. We have detailed Mina's allegations in previous opinions. See, e.g., Mina v. Chester County, 679 F. App'x 192, 194-95 (3d Cir. 2017). During this litigation, Mina has not obtained the relief that he has sought.

In this suit, Mina accused a federal judge, various employees of the Clerk's Office for the U.S. District Court Eastern District of Pennsylvania, and the District Court itself of violating his civil rights because those parties did not provide him transcripts and sealed summonses in two of his previous cases. An attorney representing the United States responded by filing a statement of interest seeking dismissal of the complaint and a filing injunction against Mina. After reviewing Mina's complaint and the Government's

submission, the District Court concluded that the defendants were entitled to immunity for their actions and dismissed the complaint. The District Court also enjoined Mina from filing further suits against the United States or any of its agencies or employees without first obtaining leave.[1] Mina sought reconsideration, arguing, in part, that he did not receive the Government's statement of interest. The District Court vacated the filing injunction, but otherwise declined the request for reconsideration. Mina responded by filing an opposition to the Government's statement of interest and an amended complaint. After receiving these documents, the District Court again enjoined Mina "from filing or causing to be filed any pleading, motion, or other paper in Civil Actions Nos. 13-07622, 14-06261, 15-05452 and 16-01013 or any other new proceeding or action against the United States or any its agencies or employees without first obtaining leave of Court." The District Court also struck Mina's amended complaint. Mina filed a notice of appeal that was timely as to the two relevant District Court orders.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's dismissal of a complaint de novo and ask whether it has sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Fantone v. Latini, 780 F.3d 184, 186, 193 (3d Cir. 2015) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678

_____

[1] The District Court also addressed pending motions from another District Court case, Mina v. Chester County, E.D. Pa. Civ. No. 15-cv-05452. Mina does not refer to that case in the caption of his notice of appeal, and we do not understand the District Court's rulings from that case to be before us.

3

(2009)). We may affirm on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam). We may summarily affirm if the appeal does not present a substantial question. 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

### III.

The District Court did not err in dismissing Mina's complaint, and we affirm for the reasons below.[2] After reviewing Mina's allegations and the relevant court orders in Mina's prior cases, it is clear that the defendants named in his complaint are entitled to immunity from suit.[3] See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (explaining that judges are not civilly liable for judicial acts); Gallas v. Supreme Court of Pa., 211 F.3d 760, 772-73 (3d Cir. 2000) (describing the doctrine of quasi-judicial immunity for court personnel). We also conclude that the District Court did not err in dismissing Mina's complaint with prejudice and subsequently striking his amended complaint, as such an amendment would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002); see also Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004) ("Dismissal without leave to amend is justified only on the grounds of bad faith, undue

---

[2] To the extent that Mina raised additional claims seeking default judgment in a prior suit against the West Goshen Police Department and one its officers, as well as a request to add defendants to an earlier appeal, he has not shown that he is entitled to relief on these matters.

[3] We may take judicial notice of the relevant prior court orders. See Fed. R. Evid. 201(b); see also United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases.").

delay, prejudice, or futility." (citation omitted)). The defendants Mina named in his complaint were exempt from suit, and, in any event, prior court orders foreclosed Mina from obtaining the relief he sought.

We also determine that the District Court did not err in enjoining Mina from filing future lawsuits against the United States, as well as its employees and agencies. A district court may enter a filing injunction if (1) the litigant has been continuously abusing "the judicial process by filing meritless and repetitive actions," (2) the court provides notice to the litigant, and (3) the injunction is "narrowly tailored to fit the circumstances of the case before the District Court." Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993). As the District Court explained in its July 28, 2016 order, several of Mina's suits have been "virtually identical attempts" to relitigate his state court cases. These federal suits have included dozens of filings that have made groundless allegations and that have sought relief from state court decisions that is not available in federal court. The repetitive, meritless, and vexatious nature of Mina's filings support the District Court's remedy. See Brow, 994 F.2d at 1038.

In addition, the Court afforded Mina proper notice. We note that the District Court vacated its initial ruling enjoining Mina from filing future suits after considering Mina's representation that he did not receive the Government's statement of interest seeking a filing injunction. It did not enter its later order until it received a response from Mina. Construing that order as imposing a filing restriction limited to the U.S. District Court for the Eastern District of Pennsylvania, we also conclude that the injunction meets

5

the requirement that it be narrowly tailored to the circumstances before the District Court.

See Sieverding v. Colo. Bar Ass'n, 469 F.3d 1340, 1344 (10th Cir. 2006).

IV.

Accordingly, we will affirm the District Court's judgment.