**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1001
_____

ANTHONY STOCKER MINA,
                                                  Appellant

v.

CHESTER COUNTY; DA TOM HOGAN; WEST CHESTER, PA BOROUGH;
MICHAEL COTTER, West Chester, PA Borough Manager;
WILLIAM HANDY, Chester County Court Reporter;
MARK A. MURRAY; EAST GOSHEN TOWNSHIP;
JAMES BILOTTA, East Whiteland Officer; LEONARD J. RIVERA, Attorney;
DAWSON RICHARD MUTH, Attorney; WILLIAM KRAUT, District Judge;
MACELREE HARVEY, LTD.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:18-cv-02455)
District Judge: Honorable Gerald J. Pappert

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on April 20, 2020

Before: JORDAN, BIBAS, and PHIPPS, Circuit Judges

(Opinion filed: May 5, 2020)

_____

_____

OPINION[*]

_____

PER CURIAM

Pro se appellant Anthony Mina appeals from two District Court orders in the above-captioned case. For the reasons that follow, we will affirm one of the District Court's orders; in all other respects, we will dismiss the appeal for lack of jurisdiction.

Mina is a prolific pro se litigant who has filed five actions in the U.S. District Court for the Eastern District of Pennsylvania in the last several years, attempting to seek relief for an alleged conspiracy between various state officials, judges, attorneys, court employees, and government entities, among others, for alleged mistreatment over the past twenty-four years. We have described Mina's allegations in addressing his past appeals. See, e.g., Mina v. Chester County, 679 F. App'x 192, 194–95 (3d Cir. 2017) (per curiam).

In this case, Mina sued various defendants regarding his alleged conspiracy, including some defendants from his prior cases and other new defendants. Groups of defendants moved to dismiss, and two sets of defendants who had been named in at least two of Mina's prior cases asked the District Court to enter a filing injunction. Mina did not respond to the requests for an injunction.

On November 2, 2018, the District Court dismissed all of Mina's claims and entered a filing injunction in accordance with defendants' requests, enjoining Mina "from filing or

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

causing to be filed any pleading, motion or other paper" in that case and his four prior related cases "or any other new proceeding or action against Tom Hogan, William Handy, Mark A. Murray, Leonard J. Rivera, MacElree Harvey, LTD. and Chester County or any of its agencies or employees without first obtaining leave of Court." D.C. Dkt. No. 72, at 1. On November 26, 2018, Mina sought leave to file a motion for reconsideration of the District Court's dismissal and injunction order; Mina's attached document, which was captioned as a motion for reconsideration, was also docketed. Additionally, Mina sought leave to file motions for the District Judge's recusal, a change of venue, and relief under Federal Rule of Civil Procedure 60. On December 14, 2018, the District Court denied Mina leave to file his additional motions and ordered his November 26 motion stricken from the docket because Mina did not receive permission to file such a motion and it contained no basis for reconsideration. The District Court reiterated its filing injunction, stating that Mina could not file "any other papers" in the named cases involving the named defendants. D.C. Dkt. No. 81, at 1. Mina filed a notice of appeal on December 27, 2018.

We have jurisdiction to review the District Court's December 14 order because it is a final postjudgment order. See 28 U.S.C. § 1291; Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676, 678 (3d Cir. 1986) (per curiam). We lack jurisdiction, however, to review the District Court's November 2 order because Mina did not file a notice of appeal within 30 days of that decision, see Fed. R. App. P. 4(a)(1)(A), and Mina's stricken motion, which he titled

a motion for reconsideration, did not toll his time to appeal, see id. r. 4(a)(4)(A). Accordingly, we grant appellees' motion to dismiss this appeal in part.

The District Court did not abuse its discretion in denying Mina leave to file four postjudgment motions that primarily contained accusations about the District Judge and the District Court rather than arguments pertaining to the captioned relief he claimed to seek. See Alaska v. Boise Cascade Corp. (In re Fine Paper Antitrust Litig.), 685 F.2d 810, 817 (3d Cir. 1982) ("[M]atters of docket control . . . are committed to the sound discretion of the district court.").

To the extent the District Court's reiteration of a portion of its filing injunction in its December 14 order brings the injunction within the scope of this appeal, the District Court did not err in entering a filing injunction that was limited to a subset of parties that Mina had repeatedly sued with the same baseless allegations and who had put him on notice of their requests for an injunction.[1] See Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993) (explaining that a district court may enter a filing injunction if (1) the litigant has "continuous[ly] abuse[d] . . . the judicial process by filing meritless and repetitive actions"; (2) the litigant has notice of a proposed injunction; and (3) the injunction is "narrowly tailored to fit the particular circumstances of the case before the District Court"). Construing the District Court's order as imposing a restriction limited to the U.S. District Court for the Eastern

---

[1] In his appellate brief, Mina contests only the notice he was given before the injunction was entered. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("[A]n appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal."). Mina was given an opportunity to respond to both requests for a filing injunction but did not do so.

4

District of Pennsylvania, as we previously have, we conclude that the injunction was narrowly tailored to the circumstances before the District Court. <u>See</u> <u>Sieverding v. Colo. Bar Ass'n</u>, 469 F.3d 1340, 1344 (10th Cir. 2006).

For the reasons above, we will dismiss this appeal in part and affirm the District Court's December 14 order to the extent of our jurisdiction.[2]

---

[2] In light of our disposition, we deny each of Mina's pending motions.